CARMEN GLORIA MONROZEAU, demandante y peticionaria, *v.* HON. HÉCTOR RIVERA CRUZ, ETC., demandados y recurridos.

*Número:* CE-86-615      *Resuelto:* 30 de junio de 1988

*Rafael A. Oliveras López de Victoria,* abogado de la peticionaria; *Norma Cotti Cruz, Subprocuradora General,* y *Anabelle Rodríguez, Procuradora General Auxiliar,* abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

La Ley Núm. 82 de 6 de julio de 1985, vigente desde esa fecha, enmendó la Regla 44.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para que leyera:

44.3. Interés

(a) Se incluirán intereses al tipo del *doce por ciento (12%) anual* en toda sentencia que ordena el pago de dinero a computarse sobre la cuantía de la sentencia desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha incluyendo costas y honorarios de abogados.

(b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo del *doce por ciento (12%) anual* desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la radicación de la demanda, en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades o funcionarios en su carácter oficial.[1] (Énfasis nuestro.) 1985 Leyes de Puerto Rico 284, 285.

El Art. 2 de la Ley Núm. 82, *supra*, dispone que:

Las disposiciones de esta ley serán aplicables a toda sentencia dictada con posterioridad a la vigencia de la misma. 1985 Leyes de Puerto Rico 284, 286.

Veamos cuál es el alcance de dicha enmienda a la situación presente en este caso.

El 19 de marzo de 1985 se presentó la demanda que reclamaba el pago de $65,567 más los intereses legales y honorarios de abogado. La causa de pedir estaba fundada en que dicha suma de dinero había sido depositada en el Tribunal Superior, Sala de Arecibo, a nombre de la demandante y que al ésta solicitar su retiro, no se pudo cobrar por no encontrarse la misma depositada o acreditada en la Secretaría del Tribunal.[2] El 31 de enero de 1986 el tribunal dictó sentencia parcial que condenó a la parte demandada a pagar $65,567

---

[1] Antes de esa fecha se computaba a base del interés legal. Regla 44.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III).

[2] Por la apropiación de éstos y otros fondos, el Secretario del Tribunal fue acusado, juzgado y convicto. Véase *Pueblo v. Santiago Acosta*, 121 D.P.R. 727 (1988).

más intereses legales desde el 10 de diciembre de 1980. También se fijaron los honorarios de abogado en la suma de $3,000.

El 2 de junio de 1986 el Estado consignó la suma de $92,749.99 para satisfacer el importe de la referida sentencia. El 18 de julio de 1986 la demandante sometió una moción para solicitar la corrección de los fondos consignados. En síntesis, sostuvo que los intereses legales debían computarse a razón del doce por ciento (12%) anual desde que surgió la causa de acción. En su oposición el Estado sostuvo que computó los intereses hasta el 5 de julio de 1985 a razón del seis por ciento (6%) anual y al doce por ciento (12%) anual a partir de dicha fecha. La referida moción fue denegada de plano por el tribunal de instancia. La demandante presentó ante nos este recurso de *certiorari*. El 24 de octubre de 1986 emitimos la orden siguiente:

Los demandados-recurridos tendrán veinte días para mostrar causa por la cual no se deba expedir auto de revisión, revocar la orden del 13 de agosto de 1986 y devolver el caso a la sala de instancia para que ordene se paguen los intereses legales a partir del 10 de diciembre de 1980, a tenor con lo dispuesto en la Regla 44.3 de Procedimiento Civil, según enmendada por la Ley Núm. 82 del 6 de julio de 1985.

Examinada y evaluada la posición del Procurador General, resolvemos según lo intimado.

Aunque de ordinario la demandante no tendría derecho a recobrar intereses y honorarios de abogado por la temeridad del Estado, *Colondres Vélez v. Bayrón Vélez*, 114 D.P.R. 833 (1983), el Procurador General admite que en los casos surgidos con motivo del desfalco en el Tribunal Superior, Sala de Arecibo, el Estado ha pagado los intereses y honorarios fijados por los tribunales. Así lo hizo en este caso. La parte demandada no solicitó la revisión de la sentencia. La misma es final y firme en este momento. Ante dicha renuncia de la defensa, nada tenemos que resolver.

La controversia ante nos se limita a interpretar el alcance de la enmienda vigente desde el 6 de julio de 1985. En *Fernández v. San Juan Cement Co., Inc.*, 118 D.P.R. 713, 722–723 (1987), señalamos que:

La imposición de intereses en el presente caso es de naturaleza idéntica a la imposición de honorarios de abogado. Ambos proceden cuando la parte perdidosa ha sido temeraria y persiguen idénticos propósitos: disuadir la litigación y alentar las transacciones, mediante sanciones a la parte temeraria que compensen los perjuicios económicos y las molestias, producto de su temeridad, sufridos por la otra parte. *Insurance Co. of P.R.* v. *Tribunal Superior*, 100 D.P.R. 405 (1972). Al igual que con los honorarios de abogado, si el tribunal concluye que una parte ha sido temeraria la imposición de intereses es imperativa. La propia Regla 44.3(b) de Procedimiento Civil no da margen a una regla distinta; dice dicha regla que el tribunal "impondrá" dichos intereses a la parte que haya procedido con temeridad, desde la radicación de la demanda en casos de daños y perjuicios. *Colondres Vélez* v. *Bayrón Vélez*, 114 D.P.R. 833 (1983); *Rodríguez Cancel* v. *A.E.E.*, supra.

En *Colondres Vélez* v. *Bayrón Vélez*, supra, pág. 843, expresamos:

". . . No puede haber una temeridad a los fines de la imposición de intereses computados desde fecha anterior a la sentencia y otra temeridad a los fines de la imposición de honorarios de abogado. Ello sería contrario a un ordenado y lógico sistema procesal de hacer justicia."

En la sentencia de *Fernández v. San Juan Cement Co., Inc.*, supra, por ser un caso de daños y perjuicios, condenamos a la parte demandada a pagar intereses al tipo del doce por ciento (12%) anual desde la presentación de la demanda. Resolvemos ahora que, por mandato de ley, los intereses al tipo del doce por ciento (12%) deben pagarse desde que surgió la causa de acción en todo caso de cobro de dinero, ya que los tribunales vienen obligados a aplicar el porcentaje fijado por la ley vigente al momento de dictar la sentencia. Ello es así, ya que la intención clara del legislador

fue darle efecto retroactivo a la enmienda en todos los casos pendientes a esa fecha en que se dictara sentencia con posterioridad al 6 de julio de 1985.[3] El lenguaje del Art. 2 de la Ley Núm. 82, *supra*, no da lugar a duda alguna al respecto. En abono de esta conclusión, en la exposición de motivos de la Ley Núm. 82, *supra*, se señala que:

El mundo de la economía es uno afectado constantemente por los muchos cambios locales e internacionales de diversas naturalezas que ocurren. El tipo de interés prevaleciente en el mercado ha fluctuado grandemente en los últimos años. La gran discrepancia que existe en Puerto Rico entre la tasa de interés legal por sentencia (Artículo 1649 del Código Civil) y la tasa de interés prevaleciente en el mercado de dinero es uno de los factores que estimulan a los demandados a litigar irrazonablemente y posponer la adjudicación de controversias.

Esto congestiona los tribunales con casos en trámite. La litigación no debe ser nunca un medio de financiamiento. Para evitar esto y la mencionada congestión de casos en trámite es que adoptamos la siguiente enmienda. (Escolio omitido.) 1985 Leyes de Puerto Rico 284, 285.

Es significativo también que al incorporarse la anterior Regla 44.4(e), equivalente a la Regla 44.3 de Procedimiento Civil actual, *supra*, mediante la Ley Núm. 68 de 26 de mayo de 1967, se dispuso que las mismas serían aplicables a las causas de acción que surgieran con posterioridad a la fecha de su aprobación. Igual metodología se siguió al aprobarse las Reglas de 1979.[4] Mediante la Ley Núm. 82, *supra*, el legislador varió el esquema e hizo la enmienda aplicable a casos ya presentados a la fecha de su vigencia.

---

[3] Para una discusión general del problema de la retroactividad de las leyes, véase a R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, San Juan, Pubs. J.T.S., 1987, Cap. 63; *Díaz v. Srio. de Hacienda*, 114 D.P.R. 865 (1983); *Vázquez v. Morales*, 114 D.P.R. 822 (1983); *Ortiz v. Fernós López*, 104 D.P.R. 851 (1976).

[4] Veáse Comentarios a la Regla 44.3, *Reglas de Procedimiento Civil para el Tribunal General de Justicia*, New Hampshire, Ed. Equity, 1979, pág. 116.

Como el caso de epígrafe estaba "en trámite" al momento de entrar en vigor la enmienda, sus disposiciones benefician a la demandante y obligan tanto al tribunal como a la parte demandada.

Por lo que, *se dictará sentencia conforme a lo aquí expuesto*.

El Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Rebollo López no intervinieron.