SHARON RILEY ET AL., demandantes y recurridos, *v.* DRA. EDITH RODRÍGUEZ PACHECO, demandada y peticionaria.

*Número:* CE-88-583      *Resuelto:* 17 de octubre de 1989

*Jorge A. Santini Padilla* y *Alfonso Miranda Cárdenas*, abogados de la peticionaria; *Héctor M. Alvarado Tizol*, abogado de los recurridos.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

■ El presente caso nos permite interpretar si la enmienda a la Regla 44.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), Ley Núm. 82 de 6 de julio de 1985, aplica a todos los casos que estén pendientes ante los tribunales a la fecha de su aprobación, en los cuales no hubiere recaído *sentencia final y firme* o si, por el contrario, aplica sólo a aquellos en que no hubiere recaído *sentencia final.*[1]

En el caso de autos el tribunal de instancia, mediante Resolución de 12 de septiembre de 1988, determinó lo siguiente:

> Habiendo la Sentencia en el presente caso advenido final y firme posterior a la vigencia de la Ley Núm. 82, aprobada el 6 de julio de 1985, el interés que se le aplicará a la misma es el 12%.[2] *Exhibit* V, pág. 50.

## I

Los hechos procesales pertinentes que dan lugar a la presente reclamación tuvieron su génesis en la demanda instada el 4 de mayo de 1976 ante el Tribunal Superior, Sala de San Juan, mediante la cual Sharon Riley, por sí y en representación de su única hija Sylvia Pérez Riley, reclamó resarcimiento por los daños sufridos como consecuencia de la conducta negligente de los demandados, la ginecóloga obstetra Edith Rodríguez de Pacheco, el anestesiólogo Dr. Víctor Zeni y el Hospital Pavía. El 20 de julio de 1983 el foro de instancia dictó sentencia a favor de las demandantes. La parte demandada acudió en alzada ante este Tribunal y el 2

---

[1] Mediante la Ley Núm. 78 de 11 de julio de 1988 nuevamente se enmendó la Regla 44.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), a fin de disponer que el interés a pagarse sobre la cuantía de una sentencia será la que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras y esté en vigor al momento de dictarse la sentencia. Esta ley entró en vigor a los sesenta (60) días de su aprobación y se aplica a sentencias que se dicten en demandas presentadas con posterioridad a su fecha de vigencia.

[2] El 29 de enero de 1988 la Puerto Rican American Insurance Company consignó el monto total de la póliza más los intereses computados al seis por ciento (6%).

de diciembre de 1987 emitimos una decisión mediante la cual se confirmó la sentencia recurrida, en cuanto a la determinación de responsabilidad por la negligencia de los médicos demandados, pero se modificó para rebajar algunas de las cuantías concedidas.

En 1983, cuando el tribunal de primera instancia emitió sentencia final, el tipo de interés legal que regía era el seis por ciento (6%) anual. Anterior Regla 44.3 de Procedimiento Civil de 1979; Art. 1649 del Código Civil, 31 L.P.R.A. sec. 4591.

Mientras el caso estaba pendiente ante este Foro, la Asamblea Legislativa aprobó la Ley Núm. 82, *supra*, y la Ley Núm. 100 de 9 de julio de 1985. La primera enmendó la Regla 44.3 de Procedimiento Civil, *supra*, para disponer específicamente que el tipo de interés a pagarse sobre la cuantía de una sentencia, incluso costas y honorarios, sería el doce por ciento (12%) anual. La segunda, por su parte, enmendó el Art. 1649 del Código Civil, *supra*, a los fines de eliminar de esa disposición el interés legal aplicable a los fallos y a las sentencias que no se hubieren cumplido.

El caso requiere que interpretemos el Art. 2 de la Ley Núm. 82, *supra*, en lo que respecta a determinar a qué sentencias les serán aplicables las disposiciones de esta ley. Dicho artículo lee:

> Las disposiciones de esta ley serán aplicables a *toda sentencia dictada* con posterioridad a la vigencia de la misma. (Énfasis suplido.) 1985 Leyes de Puerto Rico 284, 286.

## II

Recientemente, en *Monrozeau v. Srio. de Justicia*, 121 D.P.R. 885, 888–889 (1988), en relación con la Ley Núm. 82, *supra*, interpretamos que "la intención clara del legislador fue darle efecto retroactivo a la enmienda en todos los

casos pendientes a esa fecha en que se dictara sentencia con posterioridad al 6 de julio de 1985". En este mismo caso la demanda se presentó el 19 de marzo de 1985 y la sentencia se dictó el 31 de enero de 1986. De esta sentencia no se solicitó revisión. Resolvimos, pues, que bajo estas circunstancias eran aplicables los intereses por temeridad al tipo del doce por ciento (12%) anual. Específicamente expresamos que como el caso "estaba 'en trámite' al momento de entrar en vigor la enmienda, sus disposiciones benefician a la demandante y obligan tanto al tribunal como a la parte demandada". Íd., pág. 890. Ahora nos confrontamos con una situación en que, a la fecha en que el tribunal de instancia emitió sentencia final, los intereses legales aplicables se computaban al seis por ciento (6%) anual. Sin embargo, a la fecha en que la sentencia advino *final y firme*, ya se había aprobado la enmienda a la Regla 44.3 de Procedimiento Civil, *supra*, y los intereses se computaban al doce por ciento (12%) anual. No cabe duda de que si la Ley Núm. 82, *supra*, fuese de aplicación prospectiva, los intereses se computarían al seis por ciento (6%), el fijado por la ley vigente al dictarse la sentencia final. Ahora bien, el legislador optó por darle efecto retroactivo a la enmienda, la hizo aplicable a casos que ya se hubiesen presentado y estuviesen "en trámite" a la fecha de su vigencia. Art. 2 y Exposición de Motivos de la Ley Núm. 82, *supra*; *Díaz v. Srio. de Hacienda*, 114 D.P.R. 865, 872, 873 (1983); R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, Vol. I, Cap. 63, pág. 391.

Recientemente reiteramos la norma de hermenéutica legal de que "[l]as leyes deben interpretarse y aplicarse a tono con el propósito social que las inspira. No debemos desvincularlas del problema humano cuya solución persiguen". *Morales v. Adm. Sistemas de Retiro*, 123 D.P.R. 589, 595 (1989). Aplicamos también el principio de *in pari mate-*

*ria*, Art. 18 del Código Civil, 31 L.P.R.A. sec. 18, o sea, que "leyes que se refieren a la misma materia o cuyo objeto sea el mismo, deben ser interpretadas refiriendo las unas a las otras", tomando en consideración su historial legislativo. Citando a García Valdecasas, recalcamos el hecho de que toda ley es "'parte de un todo coherente y armónico —el ordenamiento jurídico— . . . '. G. García Valdecasas, *Parte general del derecho civil español*, Madrid, Ed. Civitas, 1983, pág. 111". *Morales v. Adm. Sistemas de Retiro*, supra, pág. 596.

Teniendo presente estos principios de hermenéutica legal, examinemos cuál fue la intención legislativa al aprobar la Ley Núm. 82, *supra*, y la ley complementaria, Ley Núm. 100, *supra*. En la Exposición de Motivos de la Ley Núm. 82, *supra*, se expresa lo siguiente:

> La gran discrepancia que existe en Puerto Rico entre la tasa de interés legal por sentencia (Artículo 1649 del Código Civil) y la tasa de interés prevaleciente en el mercado de dinero es uno de los factores que estimulan a los demandados a litigar irrazonablemente y posponer la adjudicación de controversias.
>
> *Esto congestiona los tribunales con casos en trámite. La litigación no debe ser nunca un medio de financiamiento. Para evitar esto y la mencionada congestión de casos en trámite es que adoptamos la siguiente enmienda.* (Énfasis suplido.) Leyes de Puerto Rico, *supra*, pág. 285.

Por su parte, la Exposición de Motivos de la Ley Núm. 100, *supra*, lee:

> Uno de los mayores problemas que afronta nuestro sistema judicial es la *gran congestión de casos en trámite. Con miras a despejar los tribunales de casos frívolos, muchos críticos y estudiosos del sistema han recomendado una reevaluación del interés que debe pagarse sobre la cuantía de una sentencia o decreto judicial.*
>
> Dos factores que estimulan a demandados a irrazonablemente litigar y *posponer la adjudicación de controversias* lo

son la inflación, con su impacto desvalorizante de la moneda y la gran discrepancia entre la tasa de interés legal por sentencia (Artículo 1649 del Código Civil) y la tasa de interés prevaleciente en el mercado de dinero.

*Para evitar la utilización de la litigación como medio de financiamiento y para lograr aliviar la congestión existente en nuestro sistema judicial es que adoptamos hoy las siguientes medidas.* (Énfasis suplido.) Leyes de Puerto Rico, *supra*, pág. 358.

Ahora bien, en la Cámara de Representantes, al considerarse los proyectos de ley que luego se convirtieron en las Leyes Núm. 82 y Núm. 100, *supra*,[3] se generó un amplio debate sobre la aplicación retroactiva de la enmienda a la Regla 44.3 de Procedimiento Civil, *supra*. De éste se puede colegir con meridiana claridad que la intención legislativa fue que dicha enmienda fuese de aplicación a todo caso "en trámite" en el que no hubiese recaído aún *sentencia final y firme*.

Como ejemplo de este sentir están las siguientes expresiones de los señores legisladores:

SR. PRESIDENTE ACC: Adelante.

SR. RAMIREZ: Para que quede claro el registro. Debo entender entonces compañero, que si hay en los Tribunales, como tiene que haberlo, centenares de casos radicados en este momento, pero como no se ha dictado sentencia, cubriría, estarían cubiertos, ese doce por ciento por la disposición que vamos a aprobar.

SR. SANTIAGO GARCIA: Eso es correcto.

SR. RAMIREZ: Es decir, que incluiría a los casos que están pendientes de solución o resolución en los Tribunales en este momento.

SR. SANTIAGO GARCIA: Para mayor claridad, yo diría que incluye todos los casos sobre los cuales no haya recaído sentencia.

---

[3] P. de la C. 199 y P. de la C. 202.

SR. RAMIREZ: *Y si el caso habiendo recluído [sic] sentencia está ante la consideración de superior jerarquía.*

SR. SANTIAGO GARCIA: Yo entiendo Señor Presidente, que si la sentencia, no ha sido final y firme, podría aplicarle esta disposición, este interés, este tipo de interés.

SR. RAMIREZ: *A eso iba, compañero, porque la pregunta era esa justamente. Aquellos casos donde la sentencia no es final y firme es de aplicación esta Medida.*

SR. SANTIAGO GARCIA: *Yo entiendo que sí.*

SR. RAMIREZ: Gracias compañero. (Énfasis suplido.) Debate de 22 de abril de 1985, P. de la C. 199, págs. 306–308.

Esta posición se reafirma más adelante en el debate, en las exposiciones que hacen los Honorables Representantes señor Ramírez y señor Noriega Rodríguez:

SR. RAMIREZ: Gracias señor Presidente. Señor Presidente y compañeros de Cámara, en primer lugar yo le voy a solicitar al compañero Santiago García que me permita si no hay objeción[,] ser coautor de la Medida. Habíamos radicado un Proyecto parecido en el cuatrienio pasado, claro era solicitando un aumento del seis al diecis[é]is por ciento porque [se] pensaba que la mayoría de los casos en daños y perjuicios, sobre todo aquellos casos por cobro de dinero, el demandado generalmente al aceptar su responsabilidad sostenía bueno como un seis por ciento de inter[és] porque radica en el tribunal y al demandante que lo parta un rayo, y así ha ocurrido y sigue ocurriendo en los tribunales de Puerto Rico. Justamente porque el interés por sentencias es muy inferior al interés en cualesquiera otras consideraciones. Y yo voy a votar en favor de la Medida e invito a los compañeros a que hagan lo propio más que por la Justicia que en sí se le hace al demandado, al demandante debo señalar, o al demandado reconvencionista porque a m[i] juicio sería un disuasivo para que los responsables en acciones en daños y perjuicios o cobro de dinero, reconozcan realmente, en realidad, de verdad, la deuda que tienen con el demandante. No es la primera ocasión, y los que hemos tenido oportunidad de postular en los tribunales en esta área,

que nos hemos percatado de la injusticia que tiene que sufrir el demandante en daños y perjuicios y cobro de dinero precisamente por esta injusticia del seis por ciento. Sería un disuasivo como señalo, porque pienso que el demandado que vaya a la oficina de un abogado y se entere de que tiene un diecis[é]is por ciento adicional a las costas y los gastos y a la sentencia propiamente dicho va a tener que pensarlo dos veces antes de recurrir al tribunal, y si lo hace la temeridad sería tan clara y tan absoluta que el tribunal vendría entonces obligado a imponer cu[a]ntiosas sumas de honorarios de abogados como penalidad, precisamente por la temeridad del demandado en casos de esta naturaleza. Me parece que es una Medida que le hace justicia a todas las Partes, particularmente al demandado, y que los tribunales se van a ver de ahora en adelante, tan pronto entre en vigor la Medida, más aliviados en sus calendarios. Por eso y [por] otras razones votaré e invito a los compañeros a que voten con la previa solicitud al compañero Santiago García de que me permita ser coautor de la Medida.

SR. NORIEGA RODRIGUEZ: Señor Presidente, quiero expresar a los fines de registro que vamos a votar a favor de esta Medida y nos sentimos honrados de ser coautor, que se nos haya permitido ser coautor, porque la vemos como parte de una serie de enmiendas que hay que realizar en nuestro ordenamiento legal para hacer más justa la comparecencia de las partes litigantes a un tribunal. Los que hemos sido abogad[o] de personas pobres en Puerto Rico sabemos que aunque la igualdad ante la ley es un precepto constitucional la realidad de todos los días en los tribunales no es esa. El litigante pobre va en desventaja con el litigante de recursos económicos, tiene dinero para un buen peritaje, tiene dinero, tiene recursos, puede con su abundancia de recursos apabullar muchos casos en que una persona pobre tiene la razón. Esta Medida, el P. de la C. 202, tiene el propósito, como decía el compañero Portavoz, de aumentar el interés que devengan las sentencias en casos civiles. *Es verdaderamente lamentable que en la actualidad la práctica de muchos demandados, especialmente compañías de seguros, es la de dilatar, la de retener, el pago del importe de la sentencia. Se producen en muchas ocasiones revisiones, apelaciones frívolas, ante tribunales supe-*

*riores, porque resulta un negocio retener el dinero al doce, al quince por ciento, que tener que pagarlo al seis por ciento.* Matemática sencilla, señor Presidente, esta Medida unida a otras que espero que en el futuro podamos radicar, llevan el propósito de hacer más justa la comparecencia de los litigantes pobres a los tribunales de tal manera que no se vean apabullados por las personas especialmente los demandados, las compañías de seguros que tienen ese poder económico. Por estas razones señor Presidente nosotros vamos a favorecer esta Medida. (Énfasis suplido.) Debate P. de la C. 199, *supra*, pág. 312–316.

El caso de autos estaba "en trámite" ante los tribunales —no había recaído aún *sentencia final y firme*— por hallarse pendiente ante nosotros el recurso de revisión presentado por los demandados cuando se aprobó la enmienda a la Regla 44.3 de Procedimiento Civil, *supra*, que impuso el doce por ciento (12%) de interés anual. Tanto del historial legislativo como de la letra de la ley surge con claridad que la intención fue aplicar la enmienda de forma retroactiva. *Monrozeau v. Srio. de Justicia*, supra. Un examen y estudio integral del historial legislativo también refleja que el propósito del legislador fue aplicar dicha medida a todos los casos que estuviesen "en trámite" ante los tribunales, en los que no hubiese recaído aún *sentencia final y firme*. Si la parte perdidosa quería liberarse del pago de los intereses, debió haber consignado en el tribunal de instancia lo que la sentencia le ordenó pagar.(4) *Zequeira v. C.R.U.V.*, 95 D.P.R. 738, 744 (1968).

---

(4) La preocupación del legislador por las tardanzas injustificadas en el pago de la sentencia queda evidenciada en el ejemplo dado por el señor Santiago García durante la discusión del P. de la C. 202. Veamos:

"Un ejemplo bastaría: Si [a] una persona se le causa daño, radica la correspondiente acción en daños y perjuicios, y hay un acuerdo con el demandado en cuanto a la negligencia y posiblemente en cuanto a la cuantía de los daños, los tecnicismos procesales hacen posible que el demandado prolongue con tácticas dilatorias la decisión final del pago, porque mientras no desembolse la cuantía por concepto de los daños ese dinero depositado en Instituciones bancarias le está

■ Estos intereses forman parte integrante de la sentencia y pueden ser recobrados aunque no se mencionen en la misma. Son pagaderos desde que la sentencia advino final, no desde la fecha en que pueda ser confirmada o modificada por un tribunal en alzada. La mera tramitación de un recurso de revisión o de apelación no suspende el devengo de intereses. *Zequeira v. C.R.U.V.*, supra; *P.R. & Ame. Ins. Co. v. Tribunal Superior*, 84 D.P.R. 621, 622–623 (1962); *Polanco v. Cortés*, 66 D.P.R. 762, 763 (1946); *Francheschi Ex Parte*, 53 D.P.R. 75, 79 (1938); J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1986, Vol. II, Cap. VII, págs. 249–251.

Por todo lo antes expuesto, *se dictará sentencia que confirme la Resolución de 12 de septiembre de 1988 emitida por el Tribunal Superior, Sala de San Juan.*

El Juez Presidente Señor Pons Núñez se inhibió. El Juez Asociado Señor Rebollo López no intervino.

devengando un interés mayor. Si cogemos una suma, digamos de unos cien mil dólares y el pago logra posponerse por un año, esos cien mil dólares depositados por el demandado a un diez por ciento en una Institución bancaria le producen nada más y nada menos que diez mil dólares. Diez mil dólares que pierde el demandante, meramente porque se pospuso el momento de su pago. Si se le hubiese pagado al demandante a tiempo y el demandante hubiese depositado ese dinero, al cabo del año cuando se le paga el demandante hubiese tenido ciento diez mil dólares." Transcripción Certificada del P. de la C. 202 de 22 de abril de 1985, págs. 294–299.