Giménez Muñoz, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Debemos resolver si a tenor con el esquema establecido por la Ley de la Judicatura de Puerto Rico de 1994 y las leyes en parí materia el foro que debe revisar una sentencia que confirma un laudo arbitral, es el Tribunal Superior o el Tribunal Supremo de Puerto Rico.
Por tratarse de una apelación de una sentencia de un caso que no fuera originado en el Tribunal de Primera Instancia (Instancia), el recurso apropiado no es el de apelación y sí el de Certiorari. Artículo 4.002 de la Ley de la Judicatura de Puerto Rico, según enmendada, 4 L.P.R.A. sec. 22k (a). Se solicita a la señora Secretaria que lo tramite de ese modo.
I
El 21 de julio de 1989 la Unión de Empleados del Banco Gubernamental de Fomento para Puerto Rico (Unión) presentó ante la Junta de Relaciones del Trabajo (Junta) una petición solicitando la clarificación de la unidad apropiada, a fin de que varias plazas fueran incluidas en la unidad apropiada contratante. La oficial examinadora emitió informe recomendando que los puestos en cuestión continuarán excluidos de la unidad apropiada. Luego, la Junta resolvió que se incluyeran cinco de los puestos y el Banco Gubernamental de Fomento para Puerto Rico (Banco), por no estar conforme, presentó una moción solicitando la reconsideración, que la Junta declaró no ha lugar.
En fecha posterior, el 10 de abril de 1992, el Banco presentó una solicitud de revisión ante Instancia y éste, el 20 de mayo de 1992, desestimó la acción.
Al mes siguiente de lo ocurrido, el 16 de junio de 1992, la Unión presentó un cargo de práctica ilícita contra el Banco, por considerar que, al no descontar la cuota de los empleados incluidos en la unidad apropiada, había violado el convenio colectivo. La Junta expidió querella el 22 de septiembre *1182 de 1994 y en la audiencia que fuera celebrada, el Banco presentó la defensa de incuria por la demora en emitir querella. No obstante, la oficial examinadora recomendó, el 26 de enero de 1996, que el Banco fuera encontrado incúrso en la práctica ilícita.
El 11 de julio de 1996 la Junta emitió su decisión y orden acogiendo, en parte, las recomendaciones del oficial examinador. De esta orden, el Banco presentó reconsideración que la Junta denegara el 17 de octubre de 1997. El Banco, sin embargo, no acudió en revisión de la misma.
. El 23 de julio de 1997-la Junta presentó -una petición ante Instancia para que. se pusiera, en vigor su orden, a la que se opuso el Banco. El 7 de octubre de 1997 el Banco presentó un documento titulado "SOLICITUD DE DESESTIMACION POR FALTA DE JURISDICCION Y CONTESTACION A OPOSICION PRESENTADA POR LA PARTE PETICIONARIA ".
Con fecha 10 de noviembre de 1997 Instancia emitió sentencia declarando sin lugar las defensas invocadas y ordenando al Banco cumplir con los términos del convenio colectivo en lo que concierne al descuento y pago de cuotas de los empleados a la Unión.
Inconforme con la sentencia emitida apela el Banco y señala que Instancia incidió al determinar que tenía jurisdicción para resolver; determinar que no procedía la defensa de incuria y al determinar que el Banco estaba impedido de oponerse a la petición de poner en vigor la orden. No le asiste la razón.
II
El primer planteamiento es de naturaleza jurisdiccional, pues señala que Instancia carece de jurisdicción para entender en la petición de poner en vigor un laudo y orden de la Junta.
El Artículo 9 (2)(9) de la Ley Núm. 130 de 8 de mayo de 1945, dispone que "[l]a Junta de Relaciones del Trabajo podrá solicitar del Tribunal Supremo de Puerto Rico, o si el Tribunal Supremo estuviera de vacaciones, del juez de turno del mismo, que se ponga en vigor la orden de la Junta[...j".
De otra parte, la Ley de la Judicatura de Puerto Rico de 1994 autoriza a los tribunales de primera instancia para conocer de solicitudes para "poner en vigor los laudos arbitrales en cualquier materia". La Sección 22(4) de la mencionada ley, al así disponer, es explícita pues utiliza en su texto la frase "laudos arbitrales".
De igual modo, nos induce a pensar lo dispuesto en el Artículo 4.002 (g) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, que dispone que el Tribunal de Circuito de Apelaciones atenderá:

"[mjediante auto de revisión a ser expedido discrecionalmente las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos por la Ley Núm. 170 del 12 de agosto de 1984".

La enmienda de la Ley de la Judicatura que antes hemos reseñado, fue concedida para lograr una completa uniformidad del procedimiento para la revisión judicial de las decisiones administrativas y obtener una distribución más equitativa de la carga judicial.
Ese aparente choque de disposiciones legislativas que hemos visto es necesario resolverlo interpretando y armonizando ambas disposiciones. Para ello, lo primordial es buscar y aplicar la intención legislativa, el fundamento esencial de la ley y la política pública que la inspira. Zambrana Maldonado v. Estado Libre Asociado. 130 D.P.R. _ (1992), 92 J.T.S. 12.
Las leyes parí materia deben ser interpretadas las unas con las otras para que lo claro de una pueda explicar lo que resulte dudoso de otra. Morales v. Adm. de los Sistemas de Retiro, 323 D.P.R. 589, 596 (1929). Las leyes deben ser interpretadas y aplicadas, sin desvincularlas del. problema cuya solución persiguen. Riley v. Rodríguez Pacheco, 124 D.P.R. 733.
*1183 Con vista a estos principios, podemos señalar que el esquema que existió con la aprobación de Ley Núm. 130 del 8 de mayo de 1945 fue alterado al aprobarse varios años más tarde la Ley de la Judicatura de 1994. De ese modo, consideramos que la asamblea legislativa transfirió a Instancia la competencia para conocer de solicitudes "para poner en vigor las determinaciones de las agencias administrativas o para impugnar o poner en vigor laudos arbitrales". Es preciso señalar, además, que con la creación del Tribunal de Circuito de Apelaciones se reorganizó la competencia de los tribunales, si que además, no se le otorgó al Tribunal Supremo nuevamente la competencia que una vez tuvo. Este nuevo esquema establecido, pues, autoriza al Tribunal Supremo a revisar los asuntos provenientes de las agencias administrativas de forma discrecional, vía certiorari, luego que el Tribunal de Circuito de Apelaciones haya pasado juicio sobre el asunto. 
En su segundo error, el Banco afirma que la Junta incurrió en incuria por razón del tiempo transcurrido para expedir la querella sobre práctica ilícita del trabajo y presentar la petición judicial en Instancia.
Es cierto, conforme las Determinaciones de Derecho (número 11), que la Unión presentó el cargo de práctica ilícita el 16 de junio de 1992 y la Junta expidió la querella el 22 de septiembre de 1994. También, es correcto que la Junta presentó la petición judicial de este caso el 29 de julio de 1997 en Instancia.
No obstante, examinadas las circunstancias del caso, consideramos que no se encuentran presentes las condiciones que son necesarias para la aplicación de la defensa de incuria.
La defensa de incuria es la "dejadez o negligencia en reclamo de un derecho, la cual en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad”. Pueblo v. Valentín Burgos, 94 J.T.S. 21; Aponte v. Srio de Hacienda, E.L.A., 125 D.P.R. 610, 618 (1990). Esta doctrina es de aplicación cuando no existe un término reglamentario para revisar una acción. En ausencia del término, se ha aplicado el criterio de "término razonable”. Buena Vista Dairy v. Junta de Relaciones del Trabajo, 94 D.P.R. 624 (1967).
La incuria no opera como un simple término prescriptivo en que el mero trancurso del tiempo es suficiente para impedir el ejercicio de una causa de acción. Srio. del Departamento de Asuntos del Consumidor v. Junta de Condómines, 121 D.P.R. 807, 822 (1985). La aplicación requiere, además del transcurso del tiempo, que haya ocasionado un perjuicio al demandado o que se haya puesto en desventaja por razón del tiempo transcurrido. Hernández Agosto v. Romero Barceló, 112 D.P.R. 407, 417 (1982).
En Rivera v. Departamento de Servicios Sociales, 92 J.T.S. 169, se resolvió que, en adición al transcurso del tiempo, se deben tomar en cuenta otras circunstancias tales como "la justificación, si alguna, de la demora incurrida, el perjuicio que acarrea y el efecto sobre intereses privados o públicos involucrados ”. También se señaló en ese caso que el dejar transcurrir un año y medio para revisar una determinación administrativa, no constituia incuria.
En el caso que nos ocupa no existe duda que la Junta dejó transcurrir cerca de dos años para incoar la querella y luego varios meses hasta el 23 de julio de 1997, para solicitar se pusiera en vigor la orden. Sin embargo, examinadas las circunstancias y las condiciones que deben estar presentes, encontramos que no se incurrió en incuria. Ello es así, porque la dilación fue justificada considerado todo el proceso que siguió la agencia para —después de completar una investigación— concluir la corrección de presentar la querella. Recuérdese que la Junta consideró que se trataba de una violación continua del convenio colectivo y por ello era harto difícil poner fin a la misma y que existió falta de cooperación en la búsqueda de lo realmente ocurrido. Además, no se dio cumplimiento al otro requisito para la prevención de la doctrina de incuria, es decir, perjuicio al apelante, pues ningún perjuicio puede haberse causado cuando ninguno fue establecido que justificare la aplicación de la defensa de incuria.
En su tercer error, el Banco indica que el tribunal erró al concluir que no podía oponerse a la petición presentada por la Junta. Mas, lo que realmente sucedió, fue que la Junta emitió su decisión el 10 de julio de 1996 y contra esta resolución, aunque el Banco presentó solicitud de reconsideración *1184 que fuera rechazada mediante resolución del 17 de octubre de 1997, el Banco no acudió en revisión. Por esa razón, como concluyera Instancia, la decisión advino firme y final y la parte demandada está impedida de atacar colateralmente los méritos de dicha decisión.
El banco recurrente señala, no obstante, que la orden emitida por la Junta de poner en vigor "siempre está sujeta a la revisión judicial para determinar" si es correcta en derecho. Arguye que una apelación de la orden de la Junta encontrando el haberse incurrido en práctica ilícita a la distinta en la solicitud para poner en vigor una orden y decisión. Al así señalar, la peticionaria olvida que una depende de la otra, es decir, el poner en vigor la orden depende de la existencia y validez de la primera, pero cuando ésta no ha sido cuestionada, entonces las razones para oponerse a poner en vigor la orden, no pueden ser aquéllas que pudo y debió plantear contra la orden y decisión antes de que se convirtieron en firme y final. Por ello, consideramos que salvo que se tratare de la nulidad de la orden o existiera una lesión fundamental a la justicia, los planteamientos en oposición no deben repetirse.
Por las consideraciones expresadas, se deniega la expedición del auto solicitado.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 109
1. También vía apelación o recursos gubernativos en ciertas circunstancias.