Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO MADRID, TCC AS<br><br>Peticionaria<br><br>v.<br><br>TRIPLE-S PROPIEDAD, INC., SEGUROS JUAN DEL PUEBLO, CORPORACIÓN ABC Y OTROS<br><br>Recurrida | KLCE202401218 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2019CV09109<br><br>Sobre:<br>Incumplimiento de Contrato, Seguros – Incumplimiento Aseguradoras Huracanes Irma / María |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de diciembre de 2024.

El 7 de noviembre de 2024, el Consejo de Titulares del Condominio Madrid (Consejo de Titulares o peticionario) presentó una *Petición de Certiorari*. En esta, nos solicita que revoquemos la *Orden* emitida el 31 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario), notificada el 3 de septiembre del mismo año. Por virtud del aludido dictamen, el foro primario ordenó la paralización de la *Orden y Mandamiento de Ejecución de Sentencia* y declaró No Ha Lugar la *Moción para Restablecer Orden de Ejecución y Mandamiento Adjudicando Intereses Legales No Pagados y Solicitud de Reconsideración de Órdenes de Paralización*. En consecuencia, ordenó a Triple-S Propiedad Inc., (en adelante, Triple-S o recurrida) a consignar la cantidad pactada.

Examinado el expediente y sopesados los argumentos de las partes, **denegamos** expedir el auto solicitado.

Número Identificador

RES2024 _____

I.

El pleito de epígrafe comenzó el 5 de septiembre de 2019, cuando el Consejo de Titulares presentó una *Demanda* sobre incumplimiento de contrato de seguros y cobro de dinero contra la compañía aseguradora Triple-S y demás partes demandadas. En la misma, solicitó a su aseguradora Triple-S el pago de $4,367,324.67 como consecuencia de los daños ocasionados por el Huracán María en dicho complejo residencial. En respuesta, el 6 de diciembre de 2019, Triple-S presentó su *Contestación a Demanda* y sus respectivas defensas afirmativas.

Tras varios trámites procesales los cuales no son necesarios pormenorizar, el 26 de febrero de 2024, el foro primario celebró una vista. Conforme surge de la *Minuta,* las partes llegaron a un acuerdo en el cual convinieron transar el pleito por $1,200,000.00. También se acordó que se acreditaría la mitad de $183,726.90, los cuales ya se habían pagado. A su vez, el TPI ordenó lo siguiente:

> Se concede a la parte demandante el término de 45 días para realizar la asamblea, de manera que se cumpla con la Ley de Condominios de aprobar [sic] el acuerdo, y presentar la moción dispositiva al Tribunal.
> Se apercibe que, expirado el término sin que se presente el escrito, se dictará sentencia por lo informado en el día de hoy.
> Se dejan sin efecto los señalamientos del miércoles 28, jueves 29 de febrero y viernes 1 de marzo de 2024.

Posteriormente, el 19 de marzo de 2024, un grupo de miembros de la Junta de Directores del Consejo de Titulares, entre estos, la Lcda. Yahira Caro (licenciada Caro), la Sra. Mónica Quaintance, la Lcda. Ada García y Slake, LLC solicitaron intervención al pleito y presentaron una *Urgente Solicitud de Intervención para que se Deje sin Efecto Orden de 26 de febrero de 2024 en Solicitud de Orden.* En síntesis, argumentaron que la presidente del Condominio Madrid, la Sra. Beth Bedell (señora Bedell) no consintió a dicha cantidad y que no comprendió el procedimiento puesto que no hablaba español. Por tal motivo, razonaron que el consentimiento de la señora

Bedell estuvo viciado. Ante esto, le solicitaron al TPI a que dejara sin efecto la *Orden* que se dictó el 26 de febrero de 2024.

Así las cosas, el 20 de marzo de 2024, el foro primario emitió una *Orden* en la cual declaró No Ha Lugar la intervención. En desacuerdo, el 4 de abril de 2024, la licenciada Caro como vocal de la Junta de Directores del Consejo de Titulares presentó una *Moción de Reconsideración e Informando Sobre Presentación de Querella en DACO para Impugnar Asamblea Extraordinaria de 4 de abril de 2024*. Planteó que, los miembros del Consejo de Titulares convocaron a una asamblea para el 10 de abril de 2024, a los fines de cumplir con la *Orden* que dictó el TPI. Alegó que, pese a esto, la señora Bedell convocó otra asamblea extraordinaria para el 4 de abril de 2024, sin incluir un plan de distribución y sin notificar al Consejo de Titulares.

Además, indicó que, debido a estos sucesos, se presentó una *Querella* ante el Departamento de Asuntos del Consumidor (DACo) para impugnar la asamblea extraordinaria del 4 de abril de 2024. Explicó que, el DACo tenía jurisdicción primaria y exclusiva para atender dicha controversia, por lo que procedía que el DACo resolviera las controversias allí planteadas. Asimismo, solicitó que dejara en suspenso cualquier acuerdo o determinación a la que llegara el Consejo de Titulares durante la asamblea extraordinaria pautada para el 4 de abril de 2024.

Luego de examinar los argumentos presentados por las partes, el 5 de abril de 2024, el TPI emitió y notificó una *Orden* en la cual determinó lo siguiente: "no ha lugar a reconsideración de la orden. Nada que proveer sobre asuntos ante DACO".

En la misma fecha, el Consejo de Titulares presentó una *Moción en Cumplimiento de Orden Informando Aprobación de Oferta Transaccional*. En esencia, informó al foro primario que el 4 de abril de 2024, el Consejo de Titulares aprobó por voto mayoritario en una asamblea la oferta transaccional en cuestión. Cónsono con lo anterior, el mismo día, el TPI

emitió y notificó una *Sentencia* en la cual adoptó el acuerdo y, por consiguiente, ordenó el archivo y el cierre del caso.

En desacuerdo con la determinación del foro primario, el 2 de mayo de 2024, Slake compareció ante este foro intermedio mediante un recurso de *Apelación* al cual se le asignó el alfanumérico KLAN202400432. Particularmente, formuló los siguientes señalamientos de error:

> Erró el TPI al dictar sentencia por estipulación estando *sub judice* ante el DACO -foro con jurisdicción primaria y exclusiva- una querella mediante la cual se impugna la asamblea del consejo de titulares donde alegadamente se aprobó la estipulación transaccional objeto de la sentencia.

> Erró el TPI al no permitir la intervención del apelante.

Luego, el 20 de junio de 2024, este Tribunal emitió y notificó una *Resolución* en la cual denegó el recurso de *Apelación*. Aclaró que, Slake no podía recurrir de la *Sentencia* dictada el 5 de abril de 2024, puesto que, esta no era parte en el pleito. Por ello, acogió la *Apelación* como un recurso de *certiorari*. En descuerdo, el 8 de julio de 2024, Slake presentó una *Moción de Reconsideración*, la cual fue declarada No Ha Lugar el 10 de julio de 2024.

Así las cosas, el 27 de agosto de 2024, el Consejo de Titulares presentó una *Moción en Cumplimiento de Orden Sobre Aprobación de Oferta Transaccional* ante el TPI. En síntesis, argumentó que, el 5 de abril de 2024, el foro primario dictó *Sentencia* y, ordenó el pago de $1,109,000.00. Sostuvo que dicha cuantía había acumulado intereses a razón de 9.5% hasta la fecha en que se presentó dicha moción y, $288.64 diarios a partir del 27 de agosto de 2024. Por todo lo anterior, solicitó la ejecución de la *Sentencia* y que expidiera orden y mandamiento de embargo.

En la misma fecha, a saber, el 27 de agosto de 2024, notificada al día siguiente, el foro primario emitió una *Orden de Ejecución de Sentencia* en la cual declaró Ha Lugar la *Moción en Cumplimiento de Orden Sobre Aprobación de Oferta Transaccional* y, ordenó a Triple-S a pagar al Consejo de Titulares la suma de $1,109,000, más intereses acumulados hasta el 27 de agosto de

2024, por la suma de $41,276.07, más $288.64 diarios hasta pagar en su totalidad. A su vez, ordenó la ejecución y el embargo de los siguientes bienes muebles de Triple-S:

> Cualesquiera fondos, incluyendo pero sin limitarse a cuentas por cobrar, que se encuentren en poder de terceras personas privadas de nombre desconocido, por ser los mismos líquidos y exigibles y estar vencidos a favor de Triple S, instruyéndose al Alguacil que efectúe el embargo de estos fondos incautándose de los mismos y depositándolos en la cuenta del Alguacil General e instruya a aquellas terceras personas privadas a quienes se les sirva copia de la Orden a ser dictada que aquellas cantidades que venzan en el futuro y no estén vencidas al presente y que no son líquidas y exigibles, sean depositadas en la Secretaría del Tribunal al momento de vencerse y convertirse en líquidas y exigibles. Además, se solicita se les indique a aquellas personas que de no cumplir con dicha orden podrán incurrir en desacato.

> Específicamente, se le solicita a este Tribunal que instruya al alguacil que efectúe el embargo de cualquier pago por concepto de dividendos, canjeo de acciones, transferencia, liquidación, redención, devolución de gastos o cualquier otro pago que esté vencido o que venza en el futuro y no sea líquido y exigible al presente, a nombre de o destinado a ser recibido por Triple S, y que los mismos sean depositados en la Secretaría del Tribunal al momento de vencerse y convertirse en líquidos y exigibles.

Inconforme, el 29 de agosto de 2024, Triple-S presentó una *Urgente Moción de Reconsideración*. Adujo que, continuaron el trámite del acuerdo de transacción mediante la preparación de un documento escrito confidencial y, que el Consejo de Titulares devolvió dicho acuerdo suscrito por su presidenta, mas no la resolución juramentada donde se consignaba la determinación del Consejo de Titulares avalando dicho acuerdo. Indicó que, el mismo día que se recibió el mandato del Tribunal de Apelaciones, el cual puso fin al recurso de los terceros, el Consejo de Titulares presentó su moción solicitando ejecución de sentencia y el pago de intereses. No obstante, enfatizó que, el acuerdo de transacción confidencial no permitía el pago de intereses sobre la cuantía acordada. Por último, señaló que el cheque estaba disponible para entregarlo al Consejo de Titulares. Sin embargo, destacó que el condominio se negó a firmar el acuerdo confidencial enmendado e insistieron en la *Orden de Ejecución de Sentencia*. En virtud de lo anterior, entendió que dicha *Orden* era incorrecta en

derecho, toda vez que, sobrepasaba los acuerdos alcanzados entre las partes.

Luego de examinar los argumentos de Triple-S, el 29 de agosto de 2024, el foro primario emitió una *Orden*, que se notificó al día siguiente, en la cual dispuso lo siguiente:

> Se paraliza la orden de ejecución de sentencia y se concede hasta el martes 3 de septiembre de 2024 a las partes para sostener una reunión, teleconferencia y/o videoconferencia, para atender el asunto e informar los acuerdos al tribunal. De no lograr solucionar la controversia, el tribunal intervendrá.

Conforme ordenado, el 30 de agosto de 2024, el Consejo de Titulares presentó su *Moción en Cumplimiento de Orden*. Mediante esta, notificó al TPI que no llegó a ningún acuerdo con Triple-S y reiteró su solicitud de ejecución de sentencia con el pago de intereses. Por su parte, el 3 de septiembre de 2024, Triple-S presentó su *Moción en Cumplimiento de Orden & Solicitud de Orden.* Esgrimió que, los representantes legales de las partes no lograron un acuerdo. Además, apuntó que, varios miembros del Consejo de Titulares presentaron recursos ante el DACo y el TPI a los fines de anular el acuerdo transaccional. Así pues, razonó que por dicha razón no emitió el pago. De otra parte, alegó que el pago pactado el día 5 de abril de 2024, fue mediante un acuerdo de transacción, razón por la cual no procedía el pago de intereses. Particularmente, indicó que el Consejo de Titulares no produjo el documento requerido de resolución juramentada el cual certificaba el resultado de la determinación de la asamblea del Consejo de Titulares. Sostuvo que, ello era práctica ordinaria en el trámite de acuerdos transaccionales para dar certeza al cumplimiento de la ley y, el asegurador salvar su responsabilidad al momento de emitir el pago.

Ante este escenario, el 31 de agosto de 2024, el TPI emitió una *Resolución* que se notificó el 3 de septiembre de 2024, mediante la cual paralizó la orden de ejecución de sentencia y ordenó a Triple-S a entregar el cheque y/o consignar en el Tribunal la cantidad pactada en o antes del 6

de septiembre de 2024, so pena de sanciones interlocutorias severas. Luego, el 16 de septiembre de 2024, el Consejo de Titulares presentó su *Moción Para Re-Establecer Orden de Ejecución y Mandamiento Adjudicando los Intereses Legales No Pagados y Solicitud de Reconsideración de Órdenes de Paralización,* en la cual reiteró sus argumentos iniciales. Asimismo, explicó que el recurso de *Apelación*, alfanumérico KLAN202400432, no paralizó los procedimientos en el TPI, por lo que tenían derecho a reclamar los intereses durante el término de la presentación de dicho recurso. Añadió que, Triple-S tenía que cumplir con la *Sentencia* que emitió el Tribunal. Ello a pesar de requerir una resolución juramentada que certificara la aprobación de la transacción por el Consejo de Titulares. Por todo lo anterior, solicitó que restableciera la orden de mandamiento y ejecución de sentencia.

Por su parte, el 7 de octubre de 2024, Triple-S presentó su *Oposición a Moción de Reconsideración,* en la cual reafirmó sus planteamientos iniciales. Arguyó que, no suscribió el acuerdo de transacción en espera de la resolución del Consejo de Titulares. De igual forma, indicó que la Regla 44.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.3, no era de aplicación al caso de epígrafe, puesto que el foro primario declaró Ha Lugar un acuerdo de transacción entre las partes y, no una sentencia ordenando un pago de dinero. Entiéndase, el Consejo de Titulares, únicamente, podía reclamar incumplimiento de contrato del acuerdo de transacción.

Luego de examinar los argumentos presentados por las partes, el 8 de octubre de 2024, el TPI emitió una *Resolución* en la cual declaró No Ha Lugar la *Moción Para Re-Establecer Orden de Ejecución y Mandamiento Adjudicando los Intereses Legales No Pagados y Solicitud de Reconsideración de Órdenes de Paralización.* A su vez, acogió los fundamentos de la *Oposición a Moción de Reconsideración* que presentó Triple-S. Por último, enfatizó que los argumentos presentados por el Consejo de Titulares no eran suficientes para modificar o cambiar la *Orden* del 31 de agosto de 2024.

Inconforme aun, el Consejo de Titulares instó el recurso de epígrafe y, adujo que erró el Tribunal de Primera Instancia al dejar sin efecto los intereses post-sentencia ya adjudicados. Atendido el recurso, el 8 de noviembre de 2024, concedimos diez (10) días a la parte recurrida para comparecer y exponer su posición.

Al día de hoy, esta no ha comparecido por lo que damos por sometido el asunto sin el beneficio de su comparecencia y procedemos a resolver.

II.

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de certiorari descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u

orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

III.

Por virtud del recurso de epígrafe, el Consejo de Titulares reclama ante nos que el foro primario erró al dejar sin efecto los intereses post-sentencia ya adjudicados.

Aclaramos que, el 5 de abril de 2024, el foro primario emitió y notificó una *Sentencia* en la cual adoptó el acuerdo entre las partes y, por consiguiente, ordenó el archivo y el cierre del caso. Además, enfatizamos que dicha *Sentencia* se dictó expresamente sin especial imposición de costas, intereses u honorarios de abogado. Por lo tanto, dicha *Sentencia* advino final y firme, toda vez que, las partes no presentaron un recurso ante este Tribunal de Apelaciones para impugnar dicho acuerdo y solicitar lo intereses correspondientes.[1]

Recurriéndose pues de determinaciones sobre procedimientos post-sentencia, estamos facultados, conforme a los dispuesto en la Regla 52.1 de Procedimiento Civil, supra, para revisar esta determinación mediante un

---

[1] En el caso <u>Pueblo v. Martínez Hernández</u>, 158 DPR 388, 402, el Tribunal Supremo de Puerto Rico resolvió que: Hemos resuelto que los intereses aludidos en la citada regla forman parte de toda sentencia civil que ordene el pago de dinero, y que éstos son exigibles y **así pueden ser recobrados, aunque no hayan sido mencionados en la sentencia**. <u>Riley v. Rodríguez Pacheco, 124 DPR 733 (1989); Quiñones López v. Manzano Pozas, 141 DPR 139 (1996).</u> (Énfasis nuestro) No obstante lo anterior, de las mociones presentadas por las partes, surge que, presuntamente, estas otorgaron un acuerdo confidencial en el cual pactaron no cobrar intereses. Dicho acuerdo no consta en el legajo apelativo, por lo que no tenemos conocimiento de que las partes se obligaron a no reclamar intereses. Pero, sin embargo, la Sentencia emitida el 5 de abril del corriente, expresamente indica, la no imposición de costas, intereses u honorarios de abogado. Esta es la distinción con los casos antes citados.

recurso de *Certiorari*. Ahora bien, examinado el legajo apelativo, y en lo que nos respecta, las mociones relacionadas a la ejecución del acuerdo transaccional y los intereses legales, no vemos que el TPI haya errado en su proceder. A su vez, no identificamos presente alguno de aquellos factores enunciados en la Regla 40 de nuestro Reglamento para determinar la expedición del auto discrecional del *certiorari*. No nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad por parte del TPI, que la expedición del auto evite el fracaso a la justicia, o cualquiera de los otros elementos mencionados por la Regla 40. Al ser ello así, merece nuestro respeto.

IV.

Por todo lo antes consignado, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones