EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Carlos Elyd Colón Burgos<br><br>Recurrido<br><br>v.<br><br>Carmen Amarilis Marrero Rodríguez<br><br>Peticionaria | Certiorari<br><br>2018 TSPR 178<br><br>201 DPR \_\_\_\_ |

Número del Caso: CC-2017-556

Fecha: 31 de octubre de 2018

Tribunal de Apelaciones:

      Región Judicial de San Juan y Caguas

Abogadas de la parte peticionaria:

      Lcda. Maritza González Ortiz
      Lcda. Carmen Emilia Mora Ruiz

Abogada de la parte recurrida:

      Lcda. Daliana Ramos Rosado

Materia: Derecho procesal civil: Cuando el foro primario, luego de la presentación de una moción de reconsideración, altera sustancialmente su dictamen, la parte afectada tiene la oportunidad de solicitar una subsiguiente reconsideración, con el efecto de interrumpir el término para recurrir al Tribunal de Apelaciones.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos Elyd Colón Burgos

    Recurrido

       v.                           CC-2017-556       *Certiorari*

Carmen Amarilis Marrero
Rodríguez

    Peticionaria


Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ

En San Juan, Puerto Rico, a 31 de octubre de 2018.

Cuando el Tribunal de Primera Instancia altera sustancialmente su dictamen, producto de la presentación de una moción de reconsideración, ¿tiene la parte afectada por el dictamen modificado la oportunidad de solicitar una subsiguiente reconsideración, con el efecto de interrumpir el término para recurrir en revisión al foro apelativo intermedio?

Adelantamos que, luego de examinar detenida y cuidadosamente las disposiciones legales y reglamentarias aplicables, resolvemos que una subsiguiente moción de reconsideración -- que cumpla con los criterios expuestos en la Regla 47

de Procedimiento Civil, *infra,* -- tiene el efecto de interrumpir el término para recurrir en revisión al foro apelativo intermedio, cuando la misma va dirigida a impugnar una determinación que, como consecuencia de la presentación de la primera moción de reconsideración, modificó sustancialmente el dictamen originalmente dictado por el Tribunal. Veamos.

## I.

Los hechos medulares del presente caso no están en controversia. El 15 de julio de 2015, el Tribunal de Primera Instancia dictó una *Sentencia* en la que dio paso a cierta demanda de divorcio, por la causal de ruptura irreparable, instada por el señor Carlos Elyd Colón Burgos en contra de la señora Carmen Amarilis Marrero Rodríguez. Al así hacerlo, decretó roto y disuelto el vínculo matrimonial habido entre ambos.

Posteriormente, el 16 de noviembre de 2016 para ser específicos, el Tribunal de Primera Instancia emitió una *Resolución* en la que adoptó el *Informe de la Examinadora de Pensiones Alimentarias*, la Lcda. Luz Cruz Rodríguez, y fijó la pensión alimenticia a la que tenían derecho los dos (2) hijos menores de edad procreados durante el matrimonio habido entre el señor Colón Burgos y la señora Marrero Rodríguez. Dicha *Resolución* estableció la obligación del señor Colón Burgos de pagar una pensión alimenticia de $2,672.00 para el periodo de 30 de marzo de 2015 hasta el 29 de febrero de 2016; de $2,702.00 para el periodo de 1

de marzo de 2016 hasta el 14 de julio de 2016; y, de $2,534.00 para el periodo de 15 de julio de 2016 hasta el 21 de agosto de 2016.

Inconforme con la determinación del foro primario, la señora Marrero Rodríguez presentó ante el Tribunal de Primera Instancia una *Moción solicitando determinaciones de hechos adicionales, correcciones a las hechas y de reconsideración*. En dicha *Moción,* ésta solicitó al foro primario que enmendara varias determinaciones de hechos, reconsiderara la imputación de ingresos a base de gastos incurridos no recurrentes para el periodo de febrero de 2015 a abril de 2016 e impusiera al señor Colón Burgos el pago de honorarios de abogado.

Así las cosas, evaluados los planteamientos de la señora Marrero Rodríguez, el 28 de diciembre de 2016 el Tribunal de Primera Instancia emitió una *Resolución,* notificada el 3 de enero de 2017, en la cual hizo varias determinaciones de hechos adicionales; a saber, enmendó la pensión alimenticia para el periodo de 30 de marzo de 2015 al 29 de febrero de 2016; hizo efectiva la pensión alimenticia desde el 2 de febrero de 2015; e impuso al señor Colón Burgos la obligación de satisfacer la cuantía de cuatro mil dólares ($4,000.00) por concepto de honorarios de abogado a favor de los menores de edad.

Insatisfecho con el nuevo dictamen emitido por el foro primario, el 18 de enero de 2017 el señor Colón Burgos presentó una *Moción de reconsideración* en la que solicitó

que el Tribunal de Primera Instancia reconsiderara la cuantía impuesta por concepto de honorarios de abogado, por considerar que era una cuantía excesiva. Asimismo, solicitó reconsideración sobre el término que se le había concedido para pagar los mismos.

Así pues, el 26 de enero de 2017 el foro primario informó que estaría refiriendo la moción de reconsideración presentada por el señor Colón Burgos a la Examinadora de Pensiones Alimentarias. Días más tarde, en el mes de febrero de 2017 para ser específicos, el Tribunal de Primera Instancia le requirió a la señora Marrero Rodríguez que, en un término de quince (15) días, expresase su posición con respecto a la moción de reconsideración presentada por el señor Colón Burgos, lo cual ésta hizo oportunamente.

Examinados los planteamientos de ambas partes, así como el Informe de la Examinadora de Pensiones Alimentarias, el 8 de marzo de 2017 el Tribunal de Primera Instancia confirmó la imposición de honorarios de abogado a favor de los menores de edad y ordenó el pago de los mismos en un término de quince (15) días. Dicha determinación fue notificada a todas las partes en el pleito.

Inconforme con lo sentenciado por el foro primario, la señora Marrero Rodríguez presentó ante el Tribunal de Apelaciones un recurso de apelación. En éste señaló que el Tribunal de Primera Instancia erró al no imputar ingresos adicionales al señor Colón Burgos a base de las cantidades

que surgieron de la prueba presentada y al imputarle a ésta ingresos a base de ciertos gastos incurridos, ello a pesar de que la prueba demostró que los fondos utilizados para cubrir los mismos provenían de fuentes no recurrentes.

Evaluado el recurso de apelación presentado por la señora Marrero Rodríguez, el foro apelativo intermedio desestimó el mismo por considerar que este fue presentado fuera del término jurisdiccional. Dicho foro razonó que la primera *Moción solicitando determinaciones de hechos adicionales, correcciones a las hechas y de reconsideración,* presentada por la señora Marrero Rodríguez el 1 de diciembre de 2016, interrumpió el término para recurrir en apelación y que, una vez resuelta la misma mediante la *Resolución* notificada el 3 de enero de 2017, ésta tenía hasta el 2 de febrero de 2017 para presentar el recurso de apelación. No empece a ello, la señora Marrero Rodríguez presentó el recurso de apelación el 7 de abril de 2017, por lo que, a juicio del Tribunal de Apelaciones, lo hizo fuera de término, privando así a dicho foro apelativo intermedio de jurisdicción para atender el mismo.

El Tribunal de Apelaciones interpretó, además, que la posterior *Moción de reconsideración sobre los honorarios de abogado impuestos en fijación de pensión alimenticia,* presentada por el señor Colón Burgos como resultado de la *Resolución* que atendió la *Moción solicitando determinaciones de hechos adicionales, correcciones hechas y de reconsideración,* no tuvo el efecto de interrumpir el

término para recurrir en apelación. Ello, pues, la misma solamente buscaba revisar la asignación de honorarios de abogados, mas nada discutía sobre los demás aspectos de la determinación judicial; no cumpliendo así con los requisitos de especificidad dispuestos en la Regla 47 de Procedimiento Civil, *infra*.

A raíz de tal determinación, la señora Marrero Rodríguez recurre ante nos mediante una petición de *certiorari*. En ésta, en esencia, sostiene que el Tribunal de Apelaciones erró al concluir que la subsiguiente moción de reconsideración presentada por el señor Colón Burgos ante el Tribunal de Primera Instancia no interrumpió el término para acudir en revisión judicial ante el foro apelativo intermedio y, en consecuencia, al resolver que no tenía jurisdicción para atender, en sus méritos, los planteamientos realizados por ésta.

Trabada así la controversia, procedemos a exponer la normativa aplicable al presente caso.

II.

A.

Como es sabido, las Reglas 52.2(a) y 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(a)-52.2(b), establecen que los recursos de apelación y *certiorari* al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias o resoluciones deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo de copia de la notificación de la sentencia

dictada por el tribunal apelado. Lo anterior también está recogido, de forma detallada, en la Regla 13(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.[1]

Por otro lado, el inciso (g) de la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(g), reconoce que el mencionado término de revisión judicial puede ser interrumpido por una oportuna solicitud de reconsideración presentada en virtud de la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. A su vez, el inciso (h) de la mencionada regla procesal especifica que la interrupción de dicho término "beneficiará a cualquier otra parte que se halle en el pleito". 32 LPRA Ap. V, R. 52.2(h).

---

[1] La Regla 13(a) del Tribunal de Apelaciones establece:

> Presentación de la apelación. - Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia.
>
> En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios(as) o una de sus instrumentalidades que no fuere una corporación pública, o en que los municipios de Puerto Rico o sus funcionarios sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta (60) días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado.
>
> Si la fecha de archivo en autos de copia de la notificación de la sentencia, es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. 4 LPRA Ap. XXII-B, R. 13(a).

De otra parte, la Regla 32(a) del Tribunal de Apelaciones establece que: "[e]l recurso de certiorari para revisar las sentencias en los casos de convicción por alegación de culpabilidad se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha en que se haya dictado la sentencia recurrida. Este término es jurisdiccional". 4 LPRA Ap. XXII-B, R.32.

En lo referente a la solicitud de reconsideración, la Regla 47 de Procedimiento Civil, *supra*, establece que la parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración. En dicha moción se deberán exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente de la misma estima que deben reconsiderarse, y fundamentarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales. *Íd.*

En cuanto a la interrupción del término para ir en revisión al foro apelativo intermedio, la referida regla procesal indica lo siguiente: **"[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes.** Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". (Énfasis suplido). *Íd.*

Al respecto, hemos señalado que la oportuna presentación de una moción de reconsideración ante el Tribunal de Primera Instancia tendrá el efecto de paralizar los términos concedidos por ley para acudir en revisión judicial al foro apelativo intermedio sólo si la misma, en

su contenido, cumple con los requisitos expuestos en la Regla 47 de Procedimiento Civil, *supra*, que ya aquí hemos discutido. *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 167 (2016); *Mun. Rincón v. Velázquez Muñiz,* 192 DPR 989, 999 (2015); *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 8-9 (2014). "[S]alvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamente su planteamiento, será suficiente para cumplir con la regla". Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. J.T.S., 2011, T. IV, pág. 1366.

Así pues, presentada una oportuna moción de reconsideración en cumplimiento con la referida Regla, quedarán suspendidos todos los términos para recurrir en alzada al Tribunal de Apelaciones para todas las partes. 32 LPRA Ap. V, R.47. Dicho término comenzará a transcurrir nuevamente desde la fecha en que se archive en autos la copia de notificación de la resolución resolviendo la moción de reconsideración. *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011); *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008); *Lagares v. E.L.A., supra*, pág. 613.

B.

Como hemos podido apreciar, si bien la Regla 47 de Procedimiento Civil, *supra,* establece claramente los requisitos de forma que debe contener la moción de reconsideración y el término en que ésta debe presentarse,

la referida Regla no contempla las consecuencias jurídicas de la situación procesal que nos ocupa, a saber: si la posterior moción de reconsideración -- indistintamente de la parte que la presente -- cuyo fin es reconsiderar un dictamen sustancialmente modificado como consecuencia de la primera reconsideración, tiene el efecto de interrumpir el término para recurrir al foro apelativo intermedio. Véase, Cuevas Segarra, *op. cit.,* pág. 1369.

Ante el silencio que guarda la Regla 47 de Procedimiento Civil, *supra*, sobre este particular, nos vemos en la obligación de analizar disposiciones estatutarias complementarias o *in pari materia* para poder disponer correctamente de la controversia ante nos. *Zambrana Maldonado v. Estado Libre Asociado de P.R.,* 129 DPR 740 (1992); *Aponte v. Srio. De Hacienda, E.L.A.,* 125 DPR 610 (1990); *Riley v. Rodríguez Pacheco*, 124 DPR 733 (1989). Según el Artículo 18 del Código Civil, "*las leyes que se refieren a la misma materia o cuyo objeto sea el mismo, deben ser interpretadas refiriendo las unas a las otras, por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro*". (Énfasis suplido). 31 LPRA sec. 19. Ello nos lleva, pues, al analizar lo dispuesto por este Tribunal en cuanto a la presentación ante el Tribunal de Primera Instancia de la moción de determinaciones de hechos y conclusiones de derecho adicionales, moción hermana de la moción de

reconsideración, por ser otro de los mecanismos post sentencia que provee nuestro ordenamiento jurídico.

Y es que, en *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 357 (2003), este Tribunal evaluó la procedencia de cierta posterior moción solicitando determinaciones de hechos y conclusiones de derecho adicionales que se presentó ante el foro primario. Específicamente, y en aras de delimitar la controversia ante nuestra consideración, puntualizamos allí que:

> [N]os corresponde resolver en el presente caso si, luego de interrumpido el término para apelar mediante la presentación de una primera solicitud de determinaciones de hecho adicionales, y, luego de acogida, resuelta y dictada una sentencia enmendada a la luz de tal solicitud, **(i) una parte afectada por tal sentencia enmendada puede presentar una segunda solicitud de tal tipo, y (ii) si esa segunda moción tiene el efecto de interrumpir el término para apelar.** *Íd.*, pág. 355.

Así las cosas, al disponer de la referida controversia, reconocimos dos (2) instancias en las que se favorece la presentación de una subsiguiente solicitud de determinaciones de hechos y conclusiones de derecho adicionales, a saber: (1) cuando, tras considerar una primera solicitud, las determinaciones a las que llega el tribunal tienen el efecto de modificar o enmendar la sentencia original para "alterar sustancialmente el resultado del caso o bien producir un cambio sustancial en ella", y (2) cuando la primera solicitud, aun cuando no enmiende la sentencia, resulta en la incorporación de nuevas y distintas determinaciones de hecho o conclusiones

de derecho no contenidas en la sentencia original. *Carattini v. Collazo Syst. Analysis*, *supra*.

Al así resolver, en nuestro dictamen consideramos pronunciamientos de tribunales federales donde precisamente se le daba a la moción solicitando determinaciones de hechos y conclusiones de derecho adicionales igual tratamiento que a la moción de reconsideración. Allí explicamos lo siguiente:

> **Razonamiento similar al antes expuesto ha sido utilizado en la jurisdicción norteamericana** *en relación con la moción de reconsideración, que, como es sabido, constituye otro de los mecanismos post sentencia que provee el ordenamiento jurídico.* Se ha determinado que una segunda moción de reconsideración no interrumpe el término para apelar cuando "'[is] based upon substantially the same grounds as urged in the earlier motion'". *Charles L.M. v. Northeast Indep. School Dist.*, 884 F.2d 869, 870 (5to Cir. 1989), citando a *Ellis v. Richardson*, 471 F.2d 720, 721 (5to Cir. 1973). Véanse: *Acevedo-Villalobos v. Hernández*, 22 F.3d 384, 390 (1er Cir. 1994); *Aybar v. Crispin-Reyes*, 118 F.3d 10 (1er Cir. 1997). **Ahora bien, sí se ha señalado que: "in order for second reconsideration motion again to toll appeal period, the trial court's disposition of the first motion** *must result in a judgment which is substantively altered*'". (Énfasis suplido) *Aybar v. Crispin-Reyes*, ante, pág. 15 esc. 4, citando a 9 *Moore's Federal Practice* Sec. 204.12(1). *Íd.*, págs. 365-366.[2]

En fin, el razonamiento que adoptamos en *Carattini v. Collazo Syst. Analysis, Inc.*, *supra*, en referencia a la presentación de una posterior moción de determinaciones de hecho y conclusiones de derecho adicionales, a todas luces,

---

[2] Véase, además, *Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 915 F.2d 201, 206 (2nd Cir. 1990); *Harrel v. Dixon Bay Transp. Co.*, 718 F.2d 123 (5th Cir. 1983); Federal Court of Appeals Manual, sec. 10:10.

puede ser empleado en el contexto de la moción de reconsideración. Máxime, si consideramos que desde las enmiendas a las Reglas de Procedimiento Civil en 2009 la parte que interese presentar una moción de reconsideración y de determinaciones iniciales o adiciones y conclusiones de derecho deberá hacerlo en un mismo escrito. 32 LPRA Ap. V, R. 43.1. Véase, Regla 45(d) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 45(d).

Siendo ello así, en el día de hoy, resolvemos que una moción de reconsideración de este tipo interrumpe el término para recurrir al Tribunal de Apelaciones cuando: (1) el dictamen impugnado es uno que fue alterado sustancialmente como consecuencia de una Moción de Reconsideración anterior, independientemente de quien la haya presentado, y (2) cumple con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil, *supra*. Es decir, para que una subsiguiente moción de reconsideración interrumpa el término para acudir al Tribunal de Apelaciones, ésta debe exponer cuáles son los hechos o el derecho a reconsiderarse, así como cuáles son las alteraciones sustanciales producto de una primera reconsideración o las nuevas determinaciones de hechos o conclusiones de derecho cuya reconsideración se solicita por primera vez. Al así establecerlo, impedimos la extensión indefinida del término para recurrir en revisión judicial mediante la presentación de subsiguientes

mociones de reconsideración frívolas basadas en los mismos fundamentos.

Expuesta la normativa aplicable a la controversia ante nos, procedemos a disponer de los asuntos traídos ante la consideración de este Tribunal.

III.

En el presente caso, como ha quedado claramente demostrado, y en respuesta a una primera moción de determinaciones de hechos y conclusiones de derecho adicionales y de reconsideración presentada por la señora Marrero Rodríguez, el Tribunal de Primera Instancia emitió una *Resolución*, notificada a todas las partes el 3 de enero de 2017, **en la cual se alteró sustancialmente el dictamen originalmente emitido por el foro primario.**[3] Ello, pues el Tribunal de Primera Instancia, luego de evaluar los planteamientos de ambas partes, así como el Informe de la Examinadora de Pensiones Alimentarias, decidió cambiar la cuantía de la pensión alimenticia en bienestar de los menores habidos durante el matrimonio del señor Colón Burgos y la señora Marrero Rodríguez, para el periodo de 30 de marzo de 2015 al 29 de febrero de 2016. Además, cambió su fecha de efectividad al 2 de febrero de 2015 e impuso, por vez primera, honorarios de abogado al señor Colón Burgos.

---

[3] A saber, estableció la obligación del señor Colón Burgos de pagar una pensión alimenticia de $2,672.00 para el periodo de 30 de marzo de 2015 hasta el 29 de febrero de 2016; de $2,702.00 para el periodo de 1 de marzo de 2016 hasta el 14 de julio de 2016, y de $2,534.00 para el periodo de 15 de julio de 2016 hasta el 21 de agosto de 2016 se estableció una pensión alimenticia.

Alterado sustancialmente el dictamen original, cualquiera de las partes podía presentar una nueva moción de reconsideración dirigida a impugnar los nuevos pronunciamientos del foro primario. Siendo ello así, y de manera oportuna, el 18 de enero de 2017 el señor Colón Burgos presentó una posterior moción de reconsideración del nuevo dictamen, mediante la cual solicitó la revisión de la cuantía impuesta por concepto de honorarios de abogado a favor de sus hijos menores de edad, asunto no incluido en la *Resolución* original. Según se desprende del expediente ante nuestra consideración, la referida moción de reconsideración, aunque limitada a una sola controversia, exponía con suficiente particularidad el asunto que el señor Colón Burgos estimó debía ser considerado por el Tribunal de Primera Instancia -- entiéndase la cuantía por concepto de honorarios de abogado -- y estaba fundamentada en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes y con las conclusiones de derecho materiales.[4]

Así pues, conforme a la normativa antes expuesta, la moción de reconsideración presentada por el señor Colón Burgos ante el foro primario tuvo el efecto de interrumpir el término para recurrir en alzada al Tribunal de Apelaciones. Denegada la solicitud de reconsideración mediante *Resolución* notificada el 8 de marzo de 2017, las partes tenían hasta el 7 de abril de 2017 para presentar

---

[4] *Véase,* Apéndice de *certiorari*, pág. 117.

el recurso de revisión judicial ante el foro apelativo intermedio. Consecuentemente, el recurso de apelación presentado por la señora Marrero Rodríguez el 7 de abril de 2017, fue presentado dentro del término jurisdiccional correspondiente. Erró, pues, el Tribunal de Apelaciones al desestimar el presente caso por falta de jurisdicción.

IV.

Por los fundamentos antes expuestos, se revoca la *Sentencia* del Tribunal de Apelaciones y se devuelve el caso a dicho foro para la continuación de los procedimientos de conformidad a lo aquí dispuesto.

Se dictará Sentencia de conformidad.


Ángel Colón Pérez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos Elyd Colón Burgos

     Recurrido

                              CC-2017-0556        *Certiorari*

        v.

Carmen Amarilis Marrero
Rodríguez

     Peticionaria

SENTENCIA

En San Juan, Puerto Rico a 31 de octubre de 2018.

Por los fundamentos antes expuestos, se revoca la *Sentencia* del Tribunal de Apelaciones y se devuelve el caso a dicho foro para la continuación de los procedimientos de conformidad a lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo de Puerto Rico. El Juez Asociado señor Kolthoff Caraballo concurre con el resultado y hace constar las siguientes expresiones a las que se unen la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón:

Estoy de acuerdo con que una parte a quien no le favoreció un cambio sustancial producto de una moción de reconsideración presentada por otra parte presente una moción de reconsideración para revisar ese cambio sustancial. No obstante, en la medida en que la Opinión de este Tribunal permite que una

misma parte continúe presentando subsiguientes mociones de reconsideración aun cuando los cambios sustanciales sean a su favor, ello no garantiza el procedimiento justo, rápido y económico establecido en la Regla 1 de Procedimiento Civil, 32 LPRA Ap. V.

Recordemos que, distinto al caso ante nuestra consideración, Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345 (2003), fue resuelto en virtud de las Reglas de Procedimiento Civil de 1979, 32 LPRA Ap. III, cuando no habíamos considerado los cambios trascendentales que disponen las nuevas Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V. En específico, los cambios a la regla sobre la moción de reconsideración respondieron al propósito de evitar la dilación de los procedimientos.[5]

Por lo anterior, entiendo que lo mejor sería que una vez una parte presenta una solicitud de reconsideración y obtiene un cambio a su favor, solo le resta recurrir a los foros superiores si no está del todo conforme con la determinación del Tribunal de Primera Instancia.

Por otro lado, entiendo que, al incluir el elemento de "cambios sustanciales" en esa segunda moción de reconsideración, nos alejamos de la línea de pensamiento y precauciones que consideramos en Morales y otros v. The Sheraton Corp., 191 DPR 1 (2014) a la hora de evitar que se afecte el derecho a revisión. Esto porque aunque la parte sea específica en esa segunda moción de reconsideración todavía tendría que convencer al foro apelativo de que el cambio es sustancial. Ello provocará inseguridad en las partes a la hora de decidir si reconsideran o no, pues finalmente su derecho a apelar podría verse afectado, no porque no fue lo suficientemente específico en su moción de reconsideración, sino porque no logró convencer al foro apelativo de que el cambio en la determinación del tribunal de instancia fue sustancial. Adviértase que en Carattini v. Collazo Syst. Analysis, Inc., supra, el Tribunal de Primera Instancia impuso el doble de la cuantía anteriormente establecida y aun así este Foro concluyó que ello no era un cambio sustancial.

Soy consciente que al incluir el elemento de "cambios sustanciales", este Tribunal lo que hace

---

[5] *Informe de Reglas de Procedimiento Civil*, Secretariado de la Conferencia Judicial y Notarial, marzo 2008.

es adoptar la norma de <u>Carattini v. Collazo Syst. Analysis, Inc.</u>, supra. Sin embargo, considero que sería más conveniente simplemente conceder a **cada parte** una sola oportunidad de solicitar reconsideración. Así, si la primera moción de reconsideración no produce cambio alguno en la determinación del Tribunal de Primera Instancia, a las partes solo les restaría recurrir al foro apelativo si así lo entienden. Ahora bien, si la moción de reconsideración presentada por una parte produce un cambio que no necesariamente sea sustancial, la otra parte podrá presentar una moción de reconsideración específicamente con relación a ese cambio. De esa manera, evitaríamos el efecto disuasivo ("chilling effect") que va a provocar que los abogados ante el riesgo que conlleva no convencer al foro revisor de la sustancialidad del cambio en la determinación en reconsideración del Tribunal de Primera Instancia, prefieran acudir directamente al foro apelativo y no presentar una segunda moción de reconsideración.


                    Juan Ernesto Dávila Rivera
                    Secretario del Tribunal Supremo