PORTO RICAN AND AMERICAN INSURANCE CO., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. RAMÓN A. GADEA PICÓ, JUEZ, demandado.*

*Número:* 2799   *Resuelto:* 2 de febrero de 1962

*Héctor Martínez Muñoz,* abogado de la peticionaria.

Sala integrada por el Juez Presidente Señor Negrón Fernández como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo y Dávila.

### SENTENCIA

En 13 de febrero de 1957 el Tribunal Superior, Sala de Ponce, dictó sentencia en una acción en cobro de dinero instada por Pedro J. Rullán contra Enrique I. Moscoso y The

* NOTA DEL EDITOR:

    Después de compaginado el Tomo 84 D.P.R. el Tribunal ordenó la publicación de esta Sentencia. Por dicho motivo no aparece en el sitio que le corresponde.

Porto Rican and American Insurance Co. declarando con lugar la demanda en cuanto a dicha compañía aseguradora, y en su consecuencia, condenándola a satisfacer al demandante la suma de $768.55, las costas, y una suma adicional de $300 para honorarios de abogado. No se hizo pronunciamiento alguno respecto al pago de intereses, a pesar de que en la demanda presentada en 27 de septiembre de 1949 se habían solicitado desde la fecha de la radicación de la misma. Contra esta sentencia se interpuso recurso de apelación por la compañía aseguradora únicamente. Mediante sentencia dictada por este Tribunal en 29 de junio de 1960 se confirmó el fallo del tribunal de instancia.

En satisfacción total de la sentencia dictada, y confirmada en apelación, la demandada apelante consignó en la Secretaría del Tribunal Superior de Ponce la suma de $1,292.94, que representaba el importe de la sentencia, o sea las cantidades de $768.55 de principal, $300 para honorarios de abogado, y los intereses al tipo legal a partir de la fecha en que se dictó la sentencia.

La parte demandada presentó una moción solicitando que se dictara orden de ejecución a los fines de incluir una suma adicional de $439.46, que representaba los intereses sobre el importe del principal desde el 15 de marzo de 1949, fecha de la radicación de la demanda.[1]   Así lo ordenó el tribunal recurrido, y para revisar esta orden, expedimos auto de certiorari.[2]   ██

La resolución recurrida es claramente errónea. Según indicamos en *Rivera* v. *Crescioni*, 77 D.P.R. 47, 55–56 (1954), los únicos intereses que forman parte integrante de la sen-

---

[1] Según hemos expuesto anteriormente, la fecha de la radicación de la demanda fue 27 de septiembre de 1949 y no 15 de marzo del mismo año según erróneamente se alegó por la parte demandante en su moción de ejecución de sentencia.

[2] Oportunamente la peticionaria Porto Rican and American Insurance Co. radicó su alegato ante este Tribunal. No hemos tenido el beneficio del alegato de la otra parte interesada.

tencia y pueden ser recobrados aun cuando no se mencionen 3 en la misma, son los que se devengan a partir de la fecha en que ésta se dicta, porque deben ser considerados automáticamente como parte de la sentencia, por mandato de ley. Artículo 341 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1473; cf. *Padilla* v. *Vidal*, 71 D.P.R. 517 (1950); *Polanco* v. *Cortés*, 76 D.P.R. 762 (1946); *Ex parte Franceschi*, 53 D.P.R. 75 (1938). ▇

Los intereses de mora no están en la misma categoría, sino que se conceden como una indemnización que constituye un derecho personal del acreedor, y que puede ser renunciado por éste. *Rivera* v. *Crescioni*, supra. En el presente caso la parte demandante no apeló de la sentencia que omitió incluir tal pronunciamiento, y por tanto renunció a su reclamación, de haber sido ésta procedente. (³) Cf. *Peñagarícano, Administrador* v. *Tribunal Superior*, 81 D.P.R. 877 (1960); *Mejías* v. *Tribunal Superior*, 82 D.P.R. 562, 571 (1961).

*Se anula la resolución dictada por el Tribunal Superior, Sala de Ponce, en 15 de septiembre de 1960, así como la resolución dictada en 23 de septiembre siguiente denegando su reconsideración.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente.

(Fdo.) LUIS NEGRÓN FERNÁNDEZ,
*Juez Presidente.*

Certifico:

(Fdo.) IGNACIO RIVERA,
*Secretario.*

---

(³) Hemos examinado los autos de la apelación original del presente caso y no aparece claramente que el principal concedido en la sentencia apelada fuera una suma exigible, cuando menos a la Porto Rican and American Insurance Co. Véase artículo 1053 del Código Civil, 31 L.P.R.A. sec. 3017; *Martínez Fernández y Cía.* v. *García*, 68 D.P.R. 391 (1948).