Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| TLS MANAGEMENT AND MARKETING SERVICES, LLC<br><br>Recurrida<br><br>v.<br><br>DONALD T. ALLEN; KAREN H. ALLEN y la Sociedad Legal de Bienes Gananciales compuesta por ambos<br><br>Peticionarios | KLCE202301289 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.: K AC2016-0722<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de diciembre de 2023.

Luego de que el Tribunal de Primera Instancia ("TPI") dictase una sentencia mediante la cual determinó que una parte le respondía a otra por daños y perjuicios y, además, que había incurrido en temeridad, dicho foro determinó que la sentencia solo devengaría intereses desde que se dictó. Según se explica en detalle a continuación, concluimos que erró el TPI, pues la norma es que, cuando en un caso de daños y perjuicios se determina que hubo temeridad, los intereses se computan desde la presentación de la demanda.

I.

En julio de 2016, TLS Management and Marketing Services, LLC ("TLS" o el "Asesor"), presentó la acción de referencia, sobre

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLAN2022001054 y KLAN2O2201077).

Número Identificador
SEN2023_____

sentencia declaratoria, daños y difamación, contra los esposos Donald T. Allen y Karen H. Allen (el "Matrimonio" o los "Clientes").

En noviembre de 2016, los Clientes contestaron la demanda y reconvinieron; presentaron reclamaciones por fraude, falsa representación, violación al deber de fiducia, incumplimiento de contrato, negligencia profesional, enriquecimiento injusto y libelo. En esencia, alegaron que TLS incumplió con sus obligaciones bajo el Contrato y brindaron asesoramientos incorrectos e inadecuados, lo cual les ocasionó daños. El Asesor contestó la reconvención.

En agosto de 2018, el TPI notificó una *Sentencia Parcial* mediante la cual dispuso de la demanda instada por TLS, ello a raíz de una *Moción Informando Aceptación de Oferta de Sentencia* bajo la Regla 35.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 35.1. Mediante la referida sentencia, se condenó al Matrimonio a pagar $1.00 a TLS, quedando pendiente de adjudicación la reconvención.

El juicio en su fondo, con el fin de adjudicar la reconvención, se celebró en agosto de 2022.

Mediante una sentencia notificada el 31 de octubre de 2022 (la "Sentencia"), el TPI concluyó que los Clientes probaron las reclamaciones por impericia profesional e incumplimiento contractual. El TPI determinó que el Asesor debía responder por daños económicos ascendentes a $23,850.00 y por daños emocionales ascendentes a $35,000.00. **Por último, el TPI concluyó que TLS había incurrido en temeridad y le condenó al pago de $10,000.00 por concepto de honorarios de abogado**.

Inconforme, TLS apeló la Sentencia (KLAN202201054); como uno de los señalamientos de error, planteó que el TPI había errado al "conceder la suma de $10,000.00 por concepto de honorarios de abogado, sin fundamentar su determinación de temeridad en el tracto procesal del caso de autos y a la luz del derecho aplicable."

Este Tribunal concluyó, al respecto, que procedía confirmar la determinación de que "TLS incurrió en temeridad", así como la cuantía concedida por el TPI por dicho concepto. Véase Sentencia de 30 de marzo de 2023 (KLAN202201054 cons. con KLAN202201077). Así pues, concluimos que el "récord sost[enía] ampliamente la conclusión del TPI de que TLS incurrió en temeridad, pues dicha parte hizo necesario un pleito que se pudo evitar y causó que el Matrimonio incurriese en gestiones evitables." Añadimos que "el TPI quedó convencido de que TLS retuvo un formulario contributivo ('tax form') como una estrategia de litigio para impedir que el pago de la Contribución se tomase en consideración como parte de los daños sufridos". Resaltamos que "los Clientes tuvieron que esperar hasta el descubrimiento de prueba para conocer los estados financieros de los fondos transferidos a TLS y que no recobraron el remanente del dinero al momento del cierre de su división hasta que el TPI ordenó el pago en el 2017."

En agosto de 2023, los Clientes solicitaron al TPI que aclarase que la sentencia a su favor devengaría intereses desde la presentación de la reconvención (15 de noviembre de 2016) (la "Moción").

TLS se opuso; planteó que no procedía el pago de intereses desde la presentación de la reconvención porque, aunque el TPI determinó que TLS había actuado con temeridad "por actos prelitigio", en realidad dicha parte no actuó temerariamente "durante el litigio" (énfasis en original).

Mediante una Resolución notificada el 26 de septiembre, el TPI condenó a TLS al pago de ciertas partidas por concepto de costas, cuyo total ascendió a $17,564.44.

Ese mismo día, el TPI notificó una Orden mediante la cual denegó la Moción (la "Orden"), ello al concluir que la Sentencia únicamente devengaba intereses desde que se dictó.

El 11 de octubre, los Clientes solicitaron la reconsideración de la Orden; además, plantearon que TLS debía ser obligado a satisfacer intereses sobre la cuantía concedida por costas, desde que se dictó la sentencia.

TLS se opuso a la moción de reconsideración. En cuanto al interés sobre las costas concedidas, arguyó que no fue hasta finales de septiembre de 2023 que el TPI las concedió y que unos días luego (3 de octubre), TLS las había satisfecho. Por tanto, sostuvo que no procedía pagar intereses, desde que se dictó la Sentencia, sobre una cuantía que no se determinó hasta septiembre de 2023. En cuanto a desde cuándo la Sentencia debía devengar intereses, reiteró lo expuesto anteriormente al TPI.

Mediante una Orden notificada el 18 de octubre, el TPI denegó la referida moción de reconsideración.

Inconformes, el 17 de noviembre, los Clientes presentaron el recurso que nos ocupa. Plantean que el TPI erró al "excluir las costas del cómputo del interés legal post-sentecia" y al "no imponer interés legal presentencia a TLS".

Le ordenamos a TLS mostrar causa por la cual no debíamos expedir el auto solicitado con el fin de "revocar aquella parte del dictamen recurrido relacionada con el momento a partir del cual comienza a devengar intereses la compensación por daños y perjuicios concedida" a los Clientes, ello a raíz de que el TPI determinó que TLS había incurrido en temeridad.

El 8 de diciembre, TLS compareció y reprodujo lo planteado ante el TPI. Insistió en que, durante el litigio, había actuado "con la diligencia y responsabilidad que requiere nuestro ordenamiento" y

que "cualquier determinación de temeridad responde, exclusivamente, a actuaciones extrajudiciales". Resolvemos[2].

## II.

La Regla 44.1 (d) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(d), permite la concesión de honorarios de abogado cuando una parte o su abogado o abogada haya procedido con temeridad o frivolidad. Existe temeridad **cuando una parte hace necesario un pleito que se pudo evitar**, prolonga innecesariamente un pleito **o causa que otra parte incurra en gestiones evitables**. *Fernández v. San Juan Cement Co., Inc.,* 118 DPR 713, 718-719 (1987). El propósito de esta regla es penalizar al litigante perdidoso que, "por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito". *Rivera v. Tiendas Pitusa, Inc.*, 148 DPR 695, 702 (1999). La concesión de honorarios por temeridad es discrecional de los tribunales de instancia, por lo que solo será modificada en apelación si se demuestra que hubo abuso de discreción. *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 779 (2001).

Por su parte, la Regla 44.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.3, reglamenta los intereses correspondientes a una sentencia.[3] La citada regla establece dos tipos de intereses legales: el interés post-sentencia y pre-sentencia.

---

[2] Contrario a lo planteado por TLS, la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, no impide que revisemos un dictamen post-sentencia. Ello porque estas determinaciones no pueden ser revisadas en apelación, pues no habrá sentencia posterior que se pueda apelar. Véase, por ejemplo, *IG Builders, et al v. BBVAPR*, 185 DPR 307, 339 (2012).

[3] A tales efectos, la Regla 44.3 de Procedimiento Civil, *supra*, dispone (énfasis suplido):

> a) Se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras, y que esté en vigor al momento de dictarse la sentencia, en toda sentencia que ordena el pago de dinero, a computarse sobre la cuantía de la sentencia desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha, incluyendo costas y honorarios de abogados. El tipo de interés se hará constar en la sentencia.

El interés post-sentencia es al que tiene derecho toda parte que obtenga a su favor una sentencia; se calcula sobre la cuantía de la sentencia desde el momento en que ésta se dicte hasta que sea satisfecha. *Montañez v. U.P.R.*, 156 DPR 395, 425 (2002). Su imposición es de carácter mandatorio. *Gutiérrez Calderón v. AAA*, 167 DPR 130, 137 (2006); *Mun. de Mayaguez v. Rivera*, 113 DPR 467, 470 (1982); *PR Ame. Ins. Co. v. Tribunal Superior*, 82 DPR 621, 622-623 (1962); R. Hernández Colón, *Práctica Jurídica de Puerto Rico. Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis Puerto Rico, 2017, secs. 4301 y 4302, pág. 434.  Por mandato de ley, son los únicos intereses que deben ser considerados automáticamente como parte de la sentencia, y pueden ser recobrados aun cuando no se mencionen en la misma. *Porto Rican and Am. Ins. Co. v. Tribunal Superior*, 84 DPR 621, 622-623 (1962) (Sentencia) (haciendo referencia a *Rivera v. Crescioni*, 77 DPR 47, 55-56 (1954); véase, además, *Vélez Cortés v. Baxter*, 179 DPR 455, 472 (2010); *Gutiérrez Calderón*, 167 DPR a las págs. 136-137.

Por otra parte, el <u>interés pre-sentencia</u> se impone en aquellos casos sobre cobro de dinero, o sobre daños y perjuicios, cuando la parte haya procedido temerariamente. *Gutiérrez Calderón*, 167 DPR a la pág. 137; *Lameiro v. Dávila*, 103 DPR 834, 841 (1976); Regla 44.3 de Procedimiento Civil, *supra*; Hernández Colón, op. Cit., sec.

---

La Junta fijará y revisará periódicamente la tasa de interés por sentencia tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la radicación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible.

b)  El tribunal también impondrá **a la parte que haya procedido con temeridad el pago de interés** al tipo que haya fijado la Junta en virtud del inciso (a) de esta regla y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y **desde la presentación de la demanda, en caso de daños y perjuicios**, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades o funcionarios(as) en su carácter oficial. El tipo de interés se hará constar en la sentencia.

4303, pág. 435. El mismo se fija sobre la suma principal de la sentencia dictada, sin incluir las costas ni honorarios de abogado. En los casos de cobro de dinero, se computa desde que surge la causa de acción; **en los casos de daños y perjuicios, a partir de la presentación de la demanda**. *Gutiérrez Calderón*, 167 DPR a la pág. 137.

III.

De conformidad con la norma claramente establecida, erró el TPI al negarse a ordenarle a TLS el pago de intereses sobre la Sentencia a partir de la presentación por los Clientes de la reconvención. Según arriba expuesto, en casos de daños y perjuicios (como es el caso de la reconvención), cuando se determina que el reclamado actuó con temeridad (como ocurrió aquí), el reclamante tiene derecho a cobrar intereses sobre la cuantía concedida desde la presentación de la reclamación.

Contrario a lo planteado por TLS, no existen dos tipos de temeridad (una por conducta pre-litigio, otra por conducta litigiosa), según lo cual una sola de ellas activaría la obligación de pagar intereses desde la presentación de una demanda. Existe solo un tipo de temeridad y, aquí, el TPI determinó, de forma final y firme, que TLS incurrió en ella. Por tanto, el TPI no tenía otra opción sino ordenar que los intereses sobre la Sentencia se comenzaran a calcular desde la presentación de la reconvención de los Clientes. En cualquier caso, la realidad es que, contrario a lo planteado por TLS, en la Sentencia explícitamente se determinó que TLS había incurrido en conducta temeraria durante el litigio de referencia.

En cuanto a la determinación del TPI de que no procedía el pago de intereses sobre el cómputo de las costas concedidas a los Clientes, concluimos que no procede nuestra intervención. No fue hasta finales de septiembre de 2023, aproximadamente un año luego de la Sentencia, que el TPI adjudicó la cuantía de costas que

TLS debía satisfacer a los Clientes. Esta cuantía se pagó pocos días después (el 3 de octubre). Por tanto, no procedía, como pretenden los Clientes, que se computen intereses sobre las costas desde que se dictó la Sentencia. Adviértase que el fin de imponer el pago de intereses es evitar que se posponga el cumplimiento con una obligación, más aquí la obligación de pagar una determinada cuantía de costas no surgió hasta que el TPI adjudicó al respecto en septiembre de 2023.

IV.

Por los fundamentos antes expuestos, se revoca parcialmente el dictamen recurrido y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones