M4RH7998

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI-ESPECIAL

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO PLAYA AZUL II<br><br>Recurrido<br><br>v.<br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>Peticionaria | KLCE202400031<br><br><br><br>Consolidado con | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: LU2019CV00216<br><br>Sobre: Seguros Incumplimiento Aseguradoras Huracanes Irma/María |
| CONSEJO DE TITULARES DEL CONDOMINIO PLAYA AZUL II<br><br>Peticionario<br><br>v.<br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>Recurrida | KLCE202400039 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: LU2019CV00216<br><br>Sobre: Seguros Incumplimiento Aseguradoras Huracanes Irma/María |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero.

*Martínez Cordero, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2024.

Comparece MAPFRE PRAICO INSURANCE COMPANY (en adelante, MAPFRE), en el recurso de *Certiorari* **KLCE202400031**, así como el Consejo de Titulares del Condominio Playa Azul II (en adelante, Condominio), en el recurso de *Certiorari* **KLCE202400039**. Tras juzgar que los recursos de epígrafe se relacionan al mismo dictamen judicial y con las mismas partes, esta

Número Identificador

SEN2024_____

Curia ordenó la consolidación de los dos (2) recursos presentados, conforme surge de la *Resolución* emitida el 12 de enero de 2024.

En ambos recursos, nos han solicitado la revisión de la *Resolución* emitida el 14 de noviembre de 2023, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, TPI).[1] Mediante la *Resolución* recurrida, el foro primario declaró *Con Lugar* en parte el *Memorando Solicitando Pago de Intereses, Costas y Honorarios de Abogades*, por lo que ordenó a MAPFRE a pagar al Consejo el balance insoluto del ajuste, ascendente a $390,479.02 dólares, más los intereses devengados por esa deuda (computados a base de la misma tasa de ocho por ciento (8%) anual aplicables a la *Sentencia* del TA) a partir del 27 de octubre de 2023, a razón de $85.58 dólares diarios hasta su saldo total.[2]

Por los fundamentos que expondremos a continuación, se expide el auto de *Certiorari* en el alfanumérico **KLCE202400031** y se revoca la *Resolución* emitida por el TPI en lo concerniente al pago de intereses por mora. En cuanto al alfanumérico **KLCE202400039**, y por los fundamentos que expondremos más adelante, se *deniega* la expedición del auto de *Certiorari*.

**I**

Según expondremos en detalle más adelante, previamente, este Tribunal revisor intervino en el recurso de *Certiorari* identificado bajo el alfanumérico KLCE202300122, sobre el cual se emitió una *Sentencia* el pasado 30 de marzo de 2023. En atención a lo anterior, reiteraremos aquellos datos procesales, circunscribiéndonos, específicamente, a los asuntos atinentes al recurso objeto de revisión.

---

[1] Apéndice del recurso KLCE202400031, a las págs. 365-367.
[2] *Id.,* a la pág. 367.

La acción judicial en este caso comenzó cuando el Consejo presentó una *Demanda* contra MAPFRE el 19 de septiembre de 2019, en la cual alegó daños y pérdidas en relación a la propiedad asegurada como consecuencia del paso del huracán María por Puerto Rico y en el periodo sucesivo.[3] Luego de varios incidentes procesales, el 5 de noviembre de 2019, se presentó una *Demanda Enmendada.*[4] En cuanto a los remedio solicitados, en lo pertinente a los recursos ante nuestra consideración, solicitó costas y honorarios de abogado, a tenor con la disposición de la sección 2716(d)(4) del Código de Seguros,[5] y cualquier otro remedio que el Tribunal entendiera que era justificado por los hechos y procediera en derecho.[6]

Luego, el 10 de diciembre de 2019, el Consejo presentó una *Segunda Demanda Enmendada.*[7] En relación con esta última y, en lo específico, añadió que la parte recurrida le presentó una oferta por la suma de $1,709,386.72 dólares, pero que luego de los descuentos mandatorios, el total que recibirían sería de $1,277,104.32 dólares, lo que, a su juicio, constituía una suma irrisoria. Adujo, además, que MAPFRE no les había compensado por las pérdidas y daños reclamados. También, reclamó que, conforme al Artículo 27.166(a) del Código de Seguros[8], debía ordenarse a MAPFRE a satisfacer el pago de $1,277,104.32 dólares por constituir una partida adeudada que no se encontraba en controversia. Conviene señalar que, conforme se desprende de los remedios solicitados en la *Segunda Demanda Enmendada*, el Consejo solicitó, en lo atinente a los recursos consolidados ante nos,

---

[3] *Id.,* a las págs. 1-9.
[4] Apéndice del recurso KLCE202400039, a las págs. 10-21.
[5] Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, Art. 27.164 (4), 26 LPRA § 2716d (4).
[6] Apéndice del recurso KLCE202400031, a las págs. 21-22.
[7] *Id.,* a las págs. 24-35.
[8] Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, Art. 27.166 (a), 26 LPRA § 2716f.

lo siguiente: (i) costas judiciales; (ii) honorarios de abogados, a razón del treinta y tres por ciento (33%) del total que se obtenga por transacción o sentencia, a tenor con la sección 2716(d)(5) del Código de Seguros;[9] (iii) intereses pre-sentencia; y (iv) una determinación de temeridad.[10]

Subsiguientemente, MAPFRE presentó su *Contestación a Demanda Enmendada.*[11] Allí, admitió haber realizado una oferta al Consejo, pero que la misma no fue aceptada. Adujo que, la valoración de los daños alegados en la *Demanda* era exagerada e irreal, así como que existía controversia en cuanto a la cuantía de los daños y que la solicitud era contraria a derecho.

Así las cosas, el Consejo presentó una *Moción Solicitando Sentencia Sumaria Parcial o, en la alternativa, Solicitando Orden de Embargo en Aseguramiento de Sentencia.*[12] En su escrito, solicitó que se dictara una sentencia sumaria parcial a su favor por la suma de $1,277,104.32 dólares, o en la alternativa, que se dictara una orden de embargo por la referida suma al amparo de la Regla 56.1 de las Reglas de Procedimiento Civil.[13] Posteriormente, MAPFRE presentó una *Oposición a Solicitud de Sentencia Sumaria y Solicitud de Orden de Embargo Presentada por la Parte Demandante y Solicitud de Sentencia Sumaria a Favor de la Parte Demandada.*[14] De ahí, el Consejo presentó una *Oposición a Solicitud de Sentencia Sumaria Presentada por la Parte Demandada y en Apoyo a Moción de Sentencia Sumaria Presentada por la Parte Demandante.*[15] Además, presentó una *Moción Informativa para Traer Nueva Evidencia a la Atención del Tribunal en Apoyo a Solicitud de Sentencia*

---

[9] *Id.*, Art. 27.164 (5), 26 LPRA § 2716d (5).
[10] Apéndice del recurso KLCE202400031, a la pág. 34.
[11] *Id.,* a las págs. 39-48.
[12] *Id.,* a las págs. 55-66.
[13] 32 LPRA Ap. V, R. 56.1.
[14] Apéndice del recurso KLCE202400031, a las págs. 67-89. Véase, además, el Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC) a la entrada 29.
[15] Apéndice del recurso KLCE202400031, a las págs. 90-101.

*Sumaria Parcial.*[16] A este último escrito, MAPFRE presentó una *Oposición a Moción Informativa.*[17] De lo que sigue, el Consejo también presentó una *Moción Informativa en cuanto a Sentencia del Tribunal de Apelaciones.*[18]

En respuesta, el 12 de noviembre de 2020, la primera instancia judicial emitió y notificó una *Resolución* en la cual, aun cuando estimó seis (6) hechos como incontrovertidos, denegó la *Moción Solicitando Sentencia Sumaria Parcial o, en la Alternativa, Solicitando Orden de Embargo en Aseguramiento de Sentencia.*[19] Dispuso que existía una controversia medular debido a que el Consejo no aceptó como correcta la suma de dinero ofrecida por MAPFRE, por lo que juzgó que la deuda no era una líquida y exigible. Además, ordenó el señalamiento de una vista evidenciaria para evaluar la procedencia del remedio sobre aseguramiento de sentencia. En cuanto a la solicitud de sentencia sumaria presentada por MAPFRE, se reservó el fallo hasta luego de que se celebrara la aludida vista.

Allá, para el mes de noviembre de 2021, el Consejo presentó una *Solicitud de Orden de Pago del Ajuste,*[20] con el fin de que se ordenara de inmediato, el pago del ajuste determinado por MAPFRE a favor del Consejo, entiéndase, los $1,277,104.32 dólares, sin que se entendiera como una renuncia a los derechos que le cobijaban conforme a la póliza, el Código de Seguros y su reglamento. Por su parte, MAPFRE presentó su *Oposición a Solicitud de Orden de Pago del Ajuste,*[21] arguyendo que la totalidad de la deuda reclamada era ilíquida y que había controversia sustancial sobre hechos materiales. En respuesta, el 20 de diciembre de 2022, el foro

---

[16] *Id.,* a las págs. 102-106.
[17] *Id.,* a las págs. 107-119.
[18] *Id.,* a las págs. 120-144.
[19] *Id.,* a las págs. 145-154.
[20] *Id.,* a las págs. 155-170.
[21] *Id.,* a las págs. 171-189.

primario emitió una *Resolución* mediante la cual denegó la solicitud presentada por el Consejo.[22] Dispuso, además, que el escrito presentado por el Consejo: (i) carecía de un desglose de partidas o reclamaciones que no estuviesen en disputa; (ii) que el Consejo no identificó una cláusula o lenguaje en la póliza que requiriese el pago anticipado de cantidades admitidas por MAPFRE en cuanto a partidas que aún estuviesen en controversia; y que (iii) no se encontró en el Código de Seguros ni en la doctrina, apoyo para declarar vencidas porciones de la deuda cuyo monto estuviese controvertido entre las partes. Conviene destacar que, en dicha *Resolución*, el tribunal *a quo* emitió seis (6) determinaciones de hecho prácticamente idénticas a las emitidas en la *Resolución* del 12 de noviembre de 2020. En desacuerdo, el Consejo presentó una *Solicitud de Reconsideración,*[23] la cual fue denegada.[24]

Así las cosas, el Consejo acudió a este Tribunal mediante un recurso de *Certiorari* en el alfanumérico KLCE202300122.[25] Tras MAPFRE presentar su oposición,[26] el recurso quedó perfeccionado. El recurso en cuestión fue atendido por este Panel y, mediante *Sentencia* emitida el 30 de marzo de 2023,[27] expidió el auto de *Certiorari* y revocó la *Resolución* emitida el 20 de diciembre de 2022. En consecuencia, se ordenó a MAPFRE a pagar de inmediato al peticionario la suma de $1,277,104.32 dólares, según fue prevista en el ajuste inicial de reclamación presentado. Además, devolvió el caso para la continuación de los procedimientos. El *Mandato* fue notificado el 24 de octubre de 2023.[28]

Recibido el *Mandato*, el 3 de noviembre de 2023, el Consejo presentó un *Memorando Solicitando Pago de Intereses, Costas y*

---

[22] *Id.,* a las págs. 190-196.
[23] *Id.,* a las págs. 197-211.
[24] *Id.,* a las págs. 212-213.
[25] *Id.,* a las págs. 214-240.
[26] *Id.,* a las págs. 241-248.
[27] *Id.,* a las págs. 249-275.
[28] *Id.,* a las págs. 314-315.

*Honorarios de Abogades.*[29] Por su parte, el 13 de noviembre de 2023, MAPFRE presentó su *Oposición a Memorando Solicitando Pago de Intereses, Costas y Honorarios de Abogados.*[30]

En respuesta, el 14 de noviembre de 2024, la primera instancia judicial emitió la *Resolución* recurrida, notificándose al día siguiente.[31] Según adelantamos, el foro primario declaró Con Lugar en parte el *Memorando Solicitando Pago de Intereses, Costas y Honorarios de Abogades*, por lo que ordenó a MAPFRE a pagar al Consejo el balance insoluto del ajuste, ascendente a $390,479.02 dólares, más los intereses devengados por esa deuda (computados a base de la misma tasa de ocho por ciento (8%) anual aplicables a la *Sentencia* del TA) a partir del 27 de octubre de 2023, a razón de $85.58 dólares diarios hasta su saldo total.[32] En su *Resolución,* el tribunal *a quo* concluyó lo siguiente:

> Puesto que la Sentencia del TA no aborda los elementos de la solicitud de honorarios bajo el Artículo 27.165, entendemos que no nos compete hacerlo en ejecución de la Sentencia del TA. Limitamos nuestra determinación a los intereses por mora y los legales que proceden de la Sentencia del TA.[33]

Además, el foro primario expresó lo siguiente:

> [...] Según surge del mandato y de la Sentencia del TA, en el presente caso se adjudicó de manera final, firme e inapelable, que la deuda de $1,277,104.32 era líquida y exigible a la fecha en que se presentó la Demanda de autos, que MAPFRE estaba contractualmente obligado a satisfacer el pago requerido y legalmente impedido de retractarse del pago habiendo hecho un reconocimiento de deuda.[34]

Basado en lo anterior, estableció que aplicaban los intereses por mora, al tipo legal, a partir de la presentación de la *Demanda Enmendada* el 5 de noviembre de 2019, según solicitado.[35] Por otro lado, en relación a los intereses al amparo de la Regla 44.3 de las

---

[29] *Id.,* a las págs. 317-325.
[30] *Id.,* a las págs. 359-364.
[31] *Id.,* a las págs. 365-367.
[32] *Id.,* a la pág. 367.
[33] *Id.,* a la pág. 366.
[34] *Id.*
[35] *Id.*

Reglas de Procedimiento Civil,[36] dispuso que la *Sentencia* del TA fue notificada el 20 de marzo de 2023, devengando intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras (en adelante, OCIF) y que estuviese en vigor al dictarse la *Sentencia*, devengando intereses desde esa fecha hasta su saldo completo. Explicó, además, que la tasa fijada por la OCIF a esa fecha era del ocho por ciento (8%) y que, el 27 de octubre de 2023, MAPFRE pagó $1,277,104.32 dólares al Consejo, fecha en la cual se adeudaba dicha cantidad por concepto de principal y $390,479.02 dólares por concepto de intereses (incluyendo intereses por mora e intereses a tenor con la precitada Regla 44.3 de las Reglas de Procedimiento Civil), para un total de $1,667,583.34 dólares.

Inconforme, el 30 de noviembre de 2024, MAPFRE presentó una *Moción de Reconsideración* en la cual solicitó al TPI que reconsiderara su dictamen y, en consecuencia, ordenara el pago de intereses a base de la suma de $1,277,104.32 dólares, contados a partir del 30 de marzo de 2023, fecha en que se emitió la *Sentencia* del Tribunal de Apelaciones en el alfanumérico KLCE202300122, hasta el 27 de octubre de 2023, fecha en que dicha suma fue pagada, o sea, el pago de $59,061.70 dólares, por concepto de intereses.[37]

En respuesta, el 11 de diciembre de 2023, el foro primario emitió y notificó una *Resolución* mediante la cual declaró *Sin Lugar* la *Moción de Reconsideración* presentada por MAPFRE.[38]

En desacuerdo, el 9 de enero de 2024, MAPFRE presentó una petición de *Certiorari*, en el alfanumérico **KLCE202400031**, en el cual esgrimió la comisión del siguiente error:

---

[36] 32 LPRA Ap. V, R. 44.3.
[37] Apéndice del recurso KLCE202300031, a las págs. 368-374.
[38] *Id.,* a la pág. 375.

Es norma de derecho establecida que los intereses por mora no constituyen parte integrante e inherentemente inseparable de la obligación principal, sino que son considerados como una penalidad o indemnización independiente de daños y perjuicios. Para que un tribunal pueda imponerlos, éstos deben ser solicitados en la acción judicial y determinar su procedencia. *Erró* el TPI al imponer intereses por mora ascendentes a $390,479.02 sobre el ajuste del estimado de daños de su reclamación ascendente a $1,277,104.32, computados desde la presentación de la Demanda Enmendada el 5 de noviembre de 2019, pues el Consejo no solicitó intereses por mora en ninguna de las demandas que presentó, y la Sentencia del TA de 30 de marzo de 2023 tampoco impuso intereses por mora.

Por su parte, el 10 de enero de 2024, el Consejo presentó también un recurso de *Certiorari*, en el alfanumérico **KLCE202400039**, en el cual esgrimió la comisión de los siguientes dos (2) errores:

(1) ERRÓ EL TPI AL NO CONCEDER A FAVOR DE LA PARTE ASEGURADA UNA PARTIDA POR CONCEPTO DE COSTAS Y HONORARIOS DE ABOGADO AL AMPARO DEL ARTÍCULO 27.165 DEL CÓDIGO DE SEGUROS.

(2) ERRÓ EL TPI AL NO CONCEDER A FAVOR DE LA PARTE ASEGURADA LOS REMEDIOS PROVISTOS EN LA REGLA 44 DE LAS DE PROCEDIMIENTO CIVIL, ANTE LA CONDUCTA TEMERARIA DE MAPFRE.

Mediante la aludida *Resolución* emitida el 12 de enero de 2024, este Tribunal concedió a ambas partes hasta el 19 de enero de 2024, para acreditar respectivamente, el cumplimiento con la Regla 33 (A), y con la Regla 33 (B) del Reglamento de este Tribunal de Apelaciones.[39] De igual forma, se concedió a ambas partes hasta el 22 de enero de 2024, para exponer posición en cuando al recurso presentado en su contra.

El 19 de enero de 2024, MAPFRE presentó el *Alegato de Oposición de MAPFRE*, en el alfanumérico **KLCE202400039**; mientras que el 22 de enero de 2024, el Consejo presentó su

---

[39] 4 LPRA Ap. XXII-B, R.33 (A) y (B).

*Oposición a Petición de Certiorari,* en el alfanumérico **KLCE202400031.**

Con el beneficio de la comparecencia de ambas partes en los recursos ante nuestra consideración, procederemos a exponer el derecho aplicable.

## II

### A. Recurso de *Certiorari*

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[40] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> [...]
> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[41]
> [...]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> [...]
> (b) *Recurso de "certiorari"* [...]
> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal

---

[40] 32 LPRA Ap. V, R. 52.1.
[41] *Id.*

de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.[42]
[...]

El recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[43] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[44] Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria".[45] Conviene desatacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[46] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[47] La Regla 40 del Reglamento del Tribunal de Apelaciones[48], esboza los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[42] 32 LPRA Ap. V, R. 52.2 (b).
[43] *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163, 174 (2020).
[44] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).
[45] *Id.*
[46] *Banco Popular de Puerto Rico v. Gomez Alayon,* 2023 TSPR 145. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).
[47] *Id.*
[48] 4 LPRA Ap. XXII-B, R.40.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[49] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[50]

### B. Intereses por Mora

El Artículo 1061 del Código Civil de 1930 aborda lo relativo a los intereses como indemnización en caso de mora. A tales efectos, dicho artículo dispone que:

> Si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal.
> Se considerará como legal el interés que fije la Oficina del Comisionado de Instituciones Financieras; disponiéndose que los intereses se computarán de forma simple y no compuesta.[51]

A la luz de lo anterior, incurren en mora los obligados a entregar o hacer alguna cosa desde que el acreedor les exija judicial

---

[49] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[50] *Banco Popular de Puerto Rico v. Gomez Alayon, supra. Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[51] 31 LPRA § 3025, Art. 1061. El Código Civil de Puerto Rico de 1930 fue derogado por el Código Civil de Puerto Rico de 2020 aprobado mediante la Ley Núm. 55 de 1 de junio de 2020. Para fines de la presente, se hace referencia únicamente al Código Civil derogado por ser la ley vigente y aplicable a la controversia que nos ocupa.

o extrajudicialmente el cumplimiento de su obligación.[52] No obstante, para que exista mora por parte del deudor es necesario que: (i) se trate de una obligación positiva de dar o hacer; (ii) la obligación sea exigible y líquida, y esté vencida; (iii) que el deudor retarde culpablemente el cumplimiento de su obligación; y, (iv) que el acreedor requiera el pago al deudor ya sea judicial o extrajudicialmente.[53]

Sin embargo, hay que distinguir que, el concepto de interés por mora no es igual al concepto de interés legal post-sentencia contenido en la Regla 44.3 (a) de las Reglas de Procedimiento Civil.[54] Así, pues, la Regla 44.3 de las Reglas de Procedimiento Civil dispone referente al interés legal que:

> (a) Se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras, y que esté en vigor al momento de dictarse la sentencia, en toda sentencia de dinero, a computarse sobre la cuantía de la sentencia que ordena el pago desde la fecha en que se dictó y hasta que ésta sea satisfecha, incluso las costas y los honorarios de abogado. El tipo de interés se hará constar en la sentencia.
> La Junta fijará y revisará periódicamente la tasa de interés por sentencia, tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la presentación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible.[55] [...]

Entiéndase que, los intereses legales post-sentencia del inciso (a) de la Regla 44.3 de las Reglas de Procedimiento Civil forman parte automática del dictamen.[56] Estos intereses forman parte integrante de la sentencia dictada y que pueden ser recobrados aun cuando no se mencionen en la misma.[57]

---

[52] 31 LPRA § 3017, Art. 1053.
[53] J. Castán Tobeñas, Derecho Civil Español, Común y Foral, 16ta ed., Madrid, Ed. Reus S.A., 1992, Tomo III, págs. 238-240.
[54] 32 LPRA Ap. V, R. 44.3 (a).
[55] *Id.*
[56] *Id.*
[57] *Municipio de Mayagüez v. Rivera*, 113 DPR 467, 469 (1982).

Acentuamos, que los intereses por mora no constituyen parte integrante e inherentemente inseparable de la obligación principal, sino que son considerados como una indemnización independiente de daños y perjuicios, impuesta como penalidad por la demora en el pago.[58] Debido a que, dicha indemnización constituye un derecho personal del acreedor, esta puede ser renunciada por el acreedor al no apelar ante un tribunal revisor la omisión de consignarlos en que ha incurrido la primera instancia judicial.[59]

**III**

En esta ocasión, ambas partes han comparecido a este tribunal revisor, tras su inconformidad con ciertas disposiciones que formaron parte de la *Resolución* recurrida, mediante la cual el foro primario declaró Ha Lugar en parte, el *Memorando Solicitando Pago de Intereses, Costas y Honorarios de Abogades*, presentado por el Consejo. Ahora bien, tratándose de dos (2) recursos de *Certiorari* este Tribunal tiene la obligación, de forma separada, pero, como cuestión de umbral, determinar si procede la expedición del recurso **KLCE202400031**, así como del recurso **KLCE202400039**.

Como es sabido, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[60] Puntualizamos, que el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[61] A esos efectos, la naturaleza

---

[58] *Rivera v. Crescioni*, 77 DPR 47, 55-56 (1954).
[59] *Id.*
[60] *Banco Popular de Puerto Rico v. Gomez Alayon, supra. Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[61] *Banco Popular de Puerto Rico v. Gomez Alayon, Id. Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Ahora bien, la expedición del recurso de *Certiorari* al amparo de la Regla 52.1 de las Reglas de Procedimiento Civil[62], no opera en el vacío; tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[63]

Con esto en mente, procederemos a disponer de los recursos presentados.

*-a-*

En el recurso **KLCE202400031**, MAPFRE nos plantea que el foro primario incidió tras imponer intereses por mora ascendentes a $390,479.02 dólares sobre el ajuste estimado de daños de su reclamación ascendente a $1,277,104.32 dólares, computados desde la presentación de la *Demanda Enmendada*. Fundamentó su inconformidad con lo resuelto por el TPI, en que el Consejo no solicitó intereses por mora ni en la *Demanda* original, ni en la *Demanda Enmendada* ni en la *Segunda Demanda Enmendada;* y, que tampoco fueron impuestos en la *Sentencia* emitida por este Panel en el alfanumérico KLCE202300122.

En su único señalamiento de error, MAPFRE nos plantea, en síntesis, que, el TPI no estaba facultado, luego de que la *Sentencia* emitida por este Panel en el caso KLCE20230122, advino final y firme, ordenar el pago de intereses por mora. Le asiste razón. Veamos.

No existe controversia en que en la *Sentencia* emitida por este Panel en el alfanumérico KLCE202300122, allá para el 30 de marzo de 2023, nada dispuso sobre intereses por mora. Nótese, además,

---

[62] 32 LPRA Ap. V, R. 52.1.
[63] 4 LPRA Ap. XXII-B, R.40. *Banco Popular de Puerto Rico v. Gomez Alayon, supra.*

que, conforme a nuestro ordenamiento jurídico y debido a lo anterior, si el Consejo interesaba que este Tribunal de Apelaciones evaluara imponer intereses por mora en dicho recurso apelativo, el Consejo venía llamado a solicitarle a esta Curia, la reconsideración o en su defecto, acudir al Alto Foro en cuanto al particular. En cambio, luego de haber preterido el expresado trámite procesal, y habiendo advenido final y firme nuestra *Sentencia* en el alfanumérico KLCE202300122, es que, entonces, el Consejo acudió al foro primario a presentar una solicitud sobre el particular. Forzoso es concluir que, tras la explicada omisión, el Consejo fatalmente renunció a su derecho personal de recobrar los intereses por mora, ya que los mismos no son parte inherentemente separable de la sentencia y tampoco se conceden de manera automática.[64]  Es por todo lo anterior que, con relación al recurso **KLCE202400031**, juzgamos que el error esgrimido por MAPFRE fue cometido. Por tanto, hemos acordado expedir el auto de Certiorari en el recurso presentado por MAPRFE y *revocar* la *Resolución* emitida el 14 de noviembre de 2024, **específicamente, en lo concerniente a la imposición de intereses por mora**.  En otras palabras, aun cuando correctamente la primera instancia judicial dispuso que procedía imponer intereses legales post-sentencia, asunto que no está en controversia, incidió al disponer que procedía la imposición de intereses por mora.  Por tanto, y como hemos expuesto, el error fue cometido. A tenor, se devuelve el caso al foro primario para que proceda en armonía a lo aquí resuelto.

*-b-*

Por otro lado, en el recurso **KLCE202400039**, el Consejo esgrime, en síntesis, que el tribunal recurrido erró tras no concederle una partida: (i) por concepto de costas y honorarios, al

---

[64] *PR & Ame. Ins. Co. V. Tribunal Superior*, 84 DPR 621, 623 (1962).

amparo del artículo 27.165 de Código de Seguros de Puerto Rico; (ii) por concepto de honorarios por temeridad o frivolidad conforme a la Regla 44.3 (b) de las Reglas de Procedimiento Civil.[65]

Evaluada la *Petición de Certiorari* y el expediente en su totalidad, así como el derecho aplicable, este Tribunal concluye que el Consejo no logró establecer que el foro primario hubiese incurrido en error alguno, que justifique nuestra intervención. Debemos recordar que, como norma general, los Tribunales de Primera Instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración.[66]

Puntualizamos que nuestro ordenamiento jurídico le confiere a este Tribunal revisor la discreción para intervenir en aquellos dictámenes interlocutorios en los que el foro recurrido haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Colegimos que, en el recurso ante nos, no nos encontramos ante ninguna de estas circunstancias, como para que se haga necesario eludir la norma de abstención judicial. El dictamen recurrido no es patentemente erróneo y encuentra cómodo resguardo en la sana discreción de la primera instancia judicial.

Los señalamientos de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil,[67] así como de la Regla 40 del Reglamento de este Tribunal,[68] resolvemos *denegar* la expedición del auto de *Certiorari* en el alfanumérico **KLCE202400039**.

---

[65] 32 LPRA Ap. V, R. 44.3 (b).
[66] *Banco Popular de Puerto Rico v. Gomez Alayon, supra.*
[67] 32 LPRA Ap. V, R. 52.1.
[68] 4 LPRA Ap. XXII-B, R.40.

**IV**

Por los fundamentos que anteceden, se expide el auto de *Certiorari* en el alfanumérico **KLCE202400031** y se revoca la *Resolución* emitida por el TPI en lo concerniente al pago de intereses por mora. Se devuelve el caso al foro primario para la continuación de los procedimientos, en armonía a lo aquí resuelto. En cuanto al recurso presentado en el alfanumérico **KLCE202400039**, se *deniega* la expedición del auto de *Certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones